[No. 3258.   Feb. 2, 1928.]

CATON v. GILLILAND OIL CO. OF NEW MEXICO et al.

[264 Pac. 946.]

Hall & McGhee, of Clovis, for appellant.

Reid, Hervey, Dow & Hill, of Roswell, for appellee.

## OPINION OF THE COURT

WATSON, J. Appellant's claim under the Workmen's Compensation Act was adjudged against him upon the sole ground that it was not filed within the time prescribed by the statute, and was hence barred. He was injured May 29, 1925. He filed no claim until March 25, 1926.

Appellant states his proposition thus:

"The statutory bar does not run against the entire claim, but runs separately against each installment from 60 days after its maturity."

The decision will be controlled by section 13 of the said act. Laws 1917, c. 83. So far as material, it provides:

"The compensation herein provided shall be paid by the employer to any injured workman entitled thereto in monthly installments as nearly equal as possible excepting the first installment which shall be paid not later than thirty-one days after the date of such injury. Any workman claiming to be entitled under this act to compensation from any employer on account of any injury suffered by accident arising out of and in the course of his employment shall give notice in writing of such accident and of such injury to such employer within two weeks after the occurrence thereof, unless prevented by such injury or other causes beyond his control, and, if so prevented, as soon as the same may be reasonably done, and at all events not later than sixty days after such accident; *provided,* that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with which such injury occurred had actual knowledge of the occurrence thereof. Except in the case of such workman being prevented from giving notice by his injuries and in case where no notice is required no workman failing to give such notice within said two weeks after such injuries occurred shall be allowed to recover any compensation * * * whatever for the period he shall remain in default in

giving such notice. In event such employer shall fail or refuse to pay the compensation herein provided to such workman after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In event he shall either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery; of the same and the bringing of any legal proceeding for the recovery thereof shall be and hereby is forever barred. In case of death of any workman who would, himself, have been entitled, had such death not occurred, to recover from such employer on account of any such injuries under the terms hereof, claim may be filed therefor on behalf of his dependents as provided in section 16 hereof. In event of the failure or refusal of any employer to pay any workman entitled thereto any installment of the compensation to which such workman may be entitled under the terms hereof, such workman shall be entitled to enforce the payment thereof by filing in the office of the clerk of the district court a claim which shall be signed and sworn to by the injured workman or some one on his behalf before any officer authorized to administer oaths, and filed not later than sixty days after such refusal or failure of the employer so to pay the same."

This section attempts to prescribe the time of giving notice of injury and of filing claim for compensation, and to prescribe the results to follow the workman's failure to perform such acts in due time. Only default in filing claim is involved in the present case, since it is admitted by appellee that notice of the injury was entirely excused by its actual knowledge thereof.

. If anything can be said to be made plain by this remarkably complicated section, it is this: An employer having knowledge of the injury, must, within 31 days after its occurrence, pay the first installment of compensation. If the employer fails or refuses so to do, the workman must, within 60 days thereafter, file his claim for compensation. If he does not, his claim, his right, and his remedy are forever barred.

It is true, as appellant points out, that the same sentence which bars the right and the remedy for default in filing claim attaches that identical result to failure to give notice of injury "within the time required." It is also true that another sentence of this same section indicates a different result to follow the unexcused failure to give notice, viz., loss of compensation "for the period he shall remain in default in giving such notice." Section 17 also seems to

contemplate this latter result. Dealing with the amount of compensation, it provides for "proper deduction on account of the default in failure to give notice of such injury as required in section 13." Possibly these provisions may be harmonized. We would not discourage the attempt, though doubtful of its success. However inconsistent these provisions may be, they relate only to the failure to give notice, the effect of which can only be decided when such a case is before us. In the meantime, we cannot see how these provisions bear upon the failure to file claim, nor do we find anything in them to vary the plainly expressed result of such failure.

Appellant calls attention to the fact that the time limit of "sixty days after such refusal or failure" is imposed in connection with the right of the workman to enforce or file claim for "any installment" of compensation. We do not find the fact suggestive of any different conclusion than that above stated.

No similar statutory provisions have been brought to our attention. Both counsel say there are none. So we are compelled, as the Legislature apparently chose, to proceed without precedent.

We are unable to escape the conclusion that the judgment is based upon a correct ruling. It must therefore be affirmed and the cause remanded.

It is so ordered.

PARKER, C. J., and BICKLEY, J., concur.