[No. 3573.  May 7, 1931.]

MUMFORD v. STATE HIGHWAY COMMISSION
et al.

[1 Pac. (2d) 115]

Francis C. Wilson and Thos. H. Dodge, both of Santa Fe, for appellants.

A. M. Edwards, of Santa Fe, for appellee.

OPINION OF THE COURT

PARKER, J.

The plaintiff, appellee, was an employee of the state highway commission, and while in such employment suffered an injury to his left eye, resulting in the loss of the member. The state highway commission carried insurance against accidents to its employees with the American Employers' Insurance Company, which was applicable to the injury of the plaintiff. The injury occurred on March 24, 1928, and within the knowledge of one A. H. Caldwell, construction superintendent of the job where plaintiff was working for the state highway commission. The state highway commission did not pay plaintiff any compensation, no more did the American Employers' Insurance Company, and plaintiff on October 24, 1928, filed his claim for compensation in the district court of Santa Fe county, in which proceeding he was awarded against the state highway commission and the American Employers' Insurance Company, appellant here, compensation in the sum of $900 for the injury to and loss of his left eye.

There is only one question in the case, and that is, as to whether the claim is or is not barred by the statute of limitations, prescribed in section 13 of chapter 83, Session Laws of 1917, which was the law in force at the time of the accident, and which is as follows: ·

"Sec. 13. The compensation herein provided shall be paid by the employer to any injured workman entitled thereto in monthly installments as nearly equal as possible excepting the first installment which shall be paid not later than thirty-one days after the date of such injury. Any workman claiming to be entitled

under this act to compensation from any employer on account of any injury suffered by accident arising out of and in the course of his employment shall give notice in writing of such accident and of such injury to such employer within two weeks after the occurrence thereof, unless prevented by such injury or other causes beyond his control, and, if so prevented, as soon as the same may be reasonably done, and at all events not later than sixty days after such accident; provided, that no such written notice shall be requisite where the employer or any superintendent or foreman or other agent in charge of the work in connection with which such injury occurred had actual knowledge of the occurrence thereof. Except in the case of such workman being prevented from giving notice by his injuries and in case where no notice is required no workman failing to give such notice within said two weeks after such injuries occurred shall be allowed to recover any compensation on account of such injury under any circumstances whatever for the period he shall remain in default in giving such notice. In event such employer shall fail or refuse to pay the compensation herein provided to such workman after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In event he shall either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and·hereby is forever barred. In case of death of any workman who would, himself, have been entitled, had such death not occurred, to recover from such employer on account of any such injuries under the terms hereof, claim may be filed therefor on behalf of his dependents as provided in section 16 hereof."

The court has had this section under consideration quite recently in Caton v. Gilliland Oil Co. of New Mexico, 33 N. M. 227, 264 P. 946. In that case notice to the employer and insurer was expressly admitted by counsel; the only question being as to the effect of failure by the injured employee to file claim in the office of the district court clerk within sixty days after the failure of the employer to pay the first installment within thirty-one days after the injury, as required by the statute. We left the question of the notice to the employer open, therefore, because not involved, and simply decided that failure to file claim on the part of the employee within the time required barred his right and remedy.

In the present case, however, an additional consideration is presented. The learned district judge took occasion to find that the accident resulting in injury was known to the superintendent or foreman of the job in the employ

of the state highway commission, but that he did not actually notify the said commission until some time in September, 1928, and that within sixty days thereafter plaintiff duly filed his claim as required by the statute, and was consequently entitled to recovery. Counsel for plaintiff argues in so many words:

"It impresses us that this court should in the interest of justice to the laboring man establish the rule that it is incumbent upon the foreman and superintendent in charge of the work to notify his employer of an injury to a workman under his charge, rather than to establish the rule that a workman injured in the presence of his foreman must see to it either that the foreman so notifies his employer, or must give the employer notice himself."

We are fully in sympathy with the statement of counsel, and only wish that we might follow his suggestion. The trouble with the suggestion, however, and with the judgment of the district court, is that to do so would violate the plain provisions of the statute under which plaintiff seeks to recover. In the first place, in the circumstances present in this case, no written notice to the employer was required of the employee, or any one else, the injury having been received while the foreman or superintendent of the job was present, and within his personal knowledge. These circumstances excused written notice under the terms of the statute. But, when thirty-one days after the injury had expired, it became the duty of the employer to pay the first installment of the amount due. If he failed or refused then to pay, the statute of limitations of sixty days thereafter, within which the workman's claim could be filed, began to run. And if, within said sixty days, the claim was not filed the right of the employee was lost. This is the situation in which we find the plaintiff, and we know of no way that his judgment can be sustained against the appellant.

It follows that the judgment is erroneous and must be reversed, and the cause remanded, with directions to set aside the judgment and dismiss the cause as to the appellant, and it is so ordered.

WATSON and SADLER, JJ., concur.

BICKLEY, C. J., and HUDSPETH, J., did not participate.