19 P.(2d) 747

## EDINBURG v. SOUTHWESTERN PUBLIC SERVICE CO. et al.

### No. 3819.

Supreme Court of New Mexico.

Feb. 28, 1933.

of the claim, and is therefore barred under the provisions of section 13 of said act (section 156-113, Comp. St. 1929). The demurrer was sustained, and, the claimant refusing to plead further, the claim was dismissed.

The claim alleges that the employer "at the time of said accident and within 30 days thereafter had actual notice and knowledge of the occurrence of said accident and injuries of claimant." No compensation for said injuries has ever been paid by said employer to claimant.

▮ The period of the 6-month limitations within which claim may be filed in the district court begins to run 31 days from either failure or refusal of the employer having received written notice of the accident and injury or having actual knowledge of the occurrence thereof to pay compensation.

▮ The provision of this section as follows: "Unless prevented by such injury or other causes beyond his control," has application to and serves to enlarge the time for giving the written notice referred to in the statute, but it does not refer to or serve to enlarge the limitation period of 6 months during which the injured workman insisting upon the payment of compensation must file his claim in the office of the clerk of the district court.

Some facts alleged in the claim, admitted by the demurrer, show a possible excuse for failure to serve written notice of the claim of the workman, but they are unavailing to enlarge the limitation of time within which the claim must be filed in the district court. See

Zeb A. Stewart, of Hot Springs, for appellant.

Carl A. Hatch, of Clovis, for appellees.

BICKLEY, Justice.

On July 2, 1931, appellant filed claim under the Workmen's Compensation Act for compensation for an injury occurring on July 20, 1930.

The claim was demurred to upon the ground that the allegations therein disclosed that more than 6 months had intervened between the failure of the employer to pay the compensation for the injury and the date of filing

Caton v. Gilliland Oil Co., 33 N. M. 227, 264 P. 946, Taylor v. Am. Employers' Ins. Co. of Boston, Mass., 35 N. M. 544, 3 P.(2d) 76.

The order of the court is therefore affirmed, and the cause remanded.

WATSON, C. J., and SADLER, HUDSPETH, and ZINN, JJ., concur.