37 P.(2d) 535

**BEARUP v. PERU MIN. CO.**

No. 4002.

Supreme Court of New Mexico.

Oct. 30, 1934.

H. O. Robertson and C. C. Royall, both of Silver City, for appellant.

Wilson & Woodbury, of Silver City, for appellee.

WATSON, Chief Justice.

On March 10, 1931, appellant suffered injury arising out of and in the course of his employment by appellee. At once and without court proceedings, appellee commenced paying $15 per week, prescribed (1929 Comp. St. § 156-117) as the maximum for disability, total in character and permanent in quality. Such payments continued at the regular intervals until, on May 1, 1933, appellee made reduced payment of $7.50 per week, which reduced payments it has since continued and has refused to increase.

On January 20, 1934, appellant filed his present claim, seeking to establish his permanent and total disability, and his right to the full payments originally accorded. The trial court denied relief on the theory that the claim was barred, not having been filed within six months after May 1, 1933, when the employer first refused and failed "to pay * * * any installment of the compensation to which (appellant claimed to be) entitled under the terms hereof. * * *" 1929 Comp. St. § 156-113.

The question is very narrow. Appellant concedes that if appellee had entirely failed or refused to pay an installment, any action to require resumption of payments would be barred by virtue of the section last cited, and of our several decisions thereunder. He contends, however, that the language does not expressly include a partial refusal or failure; that the workman's right is to be based on a liberal construction of the statute; and that no limitation should be put upon it by interpretation.

We think that it would require more than liberal construction to save this claim. The language of the limitation is all-embracing. "Any" installment necessarily includes the first, the last, and all intermediate installments. The amount of the installment "to which such workman may be entitled" can be determined only by agreement or by judgment. In this case there was at least tacit agreement. A refusal thereafter to pay $15 per week was, we think, a refusal to pay the installment to which appellant was entitled, within the meaning of the act. We have recently held that the commencement of payments for injury to the left eye must be deemed a refusal to pay for injuries which the workman was at the same time claiming to his right eye. Maestas v. American Metal Co., 37 N. M. 203, 20 P.(2d) 924. This decision goes far to defeat appellant's present contention.

Unless we so interpret the statute, there is no limitation upon a claim such as this. There is no reason in policy for leaving such a claim open while limiting others. True, we would not import any limitation in the absence of language creating it. But where the language employed does create the limitation, according to common intendment and understanding, and where the absence of such a limitation would give us an inharmonious and unreasonable statute, we cannot reject it by a construction so strict as to be arbitrary.

"The Workmen's Compensation Act is remedial, and should no doubt be liberally construed. Gonzales v. Chino Copper Co., 29 N. M. 228, 222 P. 903, 904. Still, we should not adopt a construction contrary to the evident legislative intent, and to sound reason and policy." Martin v. White Pine Lbr. Co., 34 N. M. 483, 284 P. 115, 116; Taylor v. Am. Employers' Ins. Co., 35 N. M. 544, 3 P.(2d) 76.

There are certain allegations in appellee's answer which appellant claims, and appellee denies, amount to an admission that appellant's disability is 50 per cent. of total. So, appellant contends, his claim should have been recognized at least to the extent of increasing the weekly compensation from $7.50 to $9.13.

This matter was not urged below. But if it had been, we do not see how it could have escaped the ruling that the claim was barred, or how the court could have concluded upon the pleadings otherwise than as he did, that "plaintiff's claim for compensation * * * for any amount * * * in excess of Seven and 50/100 ($7.50) per week is forever barred."

We feel constrained to affirm the judgment, and it is so ordered.

SADLER, HUDSPETH, BICKLEY, and ZINN, JJ., concur.