109 P.2d 790

SAMORA v. TOWN OF LAS CRUCES et al.

No. 4583.

Supreme Court of New Mexico.

Jan. 10, 1941.

W. A. Sutherland, of Las Cruces, for appellant.

Lytton R. Taylor and Jones, Hardie, Grambling & Howell, all of El Paso, Tex., E. G. Shannon, of Las Cruces, and Seth & Montgomery, of Santa Fe, for appellees.

BICKLEY, Chief Justice.

On May 8, 1939, appellant filed claim under the Workmen's Compensation Act for compensation for an injury occurring November 15, 1937.

The claim was demurred to upon the ground that the allegations therein disclosed that more than one year had intervened between the failure of the employer to pay the compensation for the injury

and the date of filing the claim, and is therefore barred under the provisions of Section 13 of the Act (§ 156-113, 1938 Supp., N.M.S.A.1929; L. '37, Ch. 92, § 7, amending Comp. '29, § 156-113).

The demurrer was sustained, and, the claimant refusing to plead further, judgment was rendered in favor of defendants-appellees.

The claim alleges that the employer "had full and actual knowledge of said injury at the time of the occurrence thereof." No compensation for said injury has ever been paid by said employer to claimant.

The one-year period of limitation, within which claim may be filed in the District Court, begins to run thirty-one days from either failure or refusal of an employer to pay compensation, where such employer has theretofore received written notice of the accident and injury or has had actual knowledge of the occurrence thereof.

See Edinburg v. Southwestern Public Service Co. et al., 37 N.M. 139, 19 P.2d 747, and cases cited. See also Mumford v. State Highway Commission, 35 N.M. 404, 1 P.2d 115; Bearup v. Peru Min. Co., 38 N.M. 531, 37 P.2d 535.

The judgment of the District Court is therefore affirmed, and the cause remanded.

It is so ordered.

BRICE, ZINN, SADLER, and MABRY, JJ., concur.