343 P.2d 1038

Roy WEST, Claimant-Appellant,

v.

VALLEY SALES & SERVICE CO., Employer,
and Fireman's Fund Insurance Company,
Insurer, Defendants-Appellees.

No. 6557.

Supreme Court of New Mexico.

Sept. 9, 1959.

J. B. Newell, Las Cruces, for appellant.

W. C. Whatley, Las Cruces, for appellees.

LUJAN, Chief Justice.

Appellant (claimant below) sued his employer the Valley Sales & Service Co., and its insurer Fireman's Fund Insurance Co., for compensation benefits for personal injuries sustained by him in September, 1955 while loading a deep freeze weighing 500 pounds on a truck. Claim was filed November 27, 1957. By answer the defendants set forth that the claim failed to state facts sufficient to constitute a claim under the workmen's compensation act, and further that the claim was barred because not filed within the time required by law for filing workmen's compensation claims. Thereafter the defendants filed a motion for summary judgment which was based solely on the proposition that appellant's claim was barred by the provisions of Section 59–10–13, 1953 Compilation, which provides in part:

"* * * it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In the event he shall either

fail * * * *to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and is hereby forever barred.* * * * such workman shall be entitled to enforce the payment thereof by filing (his) * * * claim * * * not later than one (1) year after such refusal or failure of the employer so to pay the same * * *".

At the hearing on the motion, appellant's deposition, taken by stipulation of counsel for the respective parties, was presented and considered by the court. The court sustained said motion, entered a judgment dismissing appellant's claim and he appeals.

The appellant seeks a reversal of the district court's judgment upon the grounds that: "(1) The insurance carrier failed to pay or refused to pay claimant in December 1956; and (2) that claim filed November 27, 1957, was within the one year period of the statute 59–10–13, N.M. Statutes 1953 Annotated."

We will take appellant's grounds for reversal of the judgment in inverse order.

Under his second proposition appellant contends that since the offer of December, 1956 was refused by him, such offer and refusal was tantamount to a failure or refusal by the company to pay compensation benefits, and that his claim filed on November 27, 1957, was within the year's limitation. This contention is untenable.

The record discloses that the alleged accident and injury occurred in September of 1955; that no compensation was ever paid to the claimant; and that no claim for compensation was every filed until the institution of this suit on November 27, 1957. On this phase of the case the appellant by his own testimony admits that he never did file a claim for compensation until his attorney brought this suit. In his deposition appellant testified:

"Q. You hadn't made and signed any written claim? A. No, sir I hadn't.

"Q. And given it to your employer? A. I had not.

"Q. And you never made and signed any written claim and sent it to your insurance company? A. No, sir.

"Q. As a matter of fact, you never had made and signed and filed with your employer a written claim for compensation? A. No, sir.

"Q. Nor did you ever make and file any written claim with the insurance carrier for compensation? A. No, sir.

"Q. The only claim that you have filed is the claim that Mr. Newell (Counsel) filed for you in this suit? A. That's right."

The only claim shown by the record, and admitted by the appellant, is the filing of this action November 27, 1957, more than two years after the accident and injury, and under the provisions of Section 59–10–13, supra, it cannot be maintained. Cf. Vukovich v. St. Louis, Rocky Mountain & Pacific Company, 40 N.M. 374, 60 P.2d 356; and Samora v. Town of Las Cruces, 45 N.M. 75, 109 P.2d 790.

Appellant's first proposition is based upon the fact that a representative of the defendant insurance company, without any previous conversation, negotiation or agreement being had with the appellant relative to any compromise settlement, left a check in the sum of $200 with appellant's employer to be delivered to him upon his signing certain papers, but which offer he refused to accept.

In his deposition the appellant testified:

"Q. And in December, 1956, after you had received medical care at the hands of Doctor Gay and Doctor Paul Jones and Doctor Rogers, as I understand it, the insurance company, Mr. Cory, for the insurance company offered you $200.00 for a release, is that right? A. He didn't offer it to me and never did mention it to me. My employer called me in the office one morning and said that—he says I have got something here for you and I asked him what it was and he had a $200.00 check out on the desk with some papers for me to sign and I asked him what that was and he said, 'Don't you know?' and I said, 'I don't' and he said, 'Haven't you talked to the insurance company about a settlement?' and I said 'I haven't, none whatever,' and I said 'send the check back to them, I am not looking for any check, I am looking for my back to be cured.' "

We are of opinion, and so hold, that the purported offer of $200 made in December, 1956 as a compromise settlement and the payment of medical expenses up to that date did not extend the limitations imposed by Section 59–10–14 of 1953 Compilation, the claim having become barred by the provisions of Section 59–10–13 supra. Cf. Garcia v. New Mexico State Highway Department, 61 N.M. 156, 296 P.2d 759; Silva v. Sandia Corporation, 10 Cir., 246 F.2d 758.

It is apparent there is no theory upon which it may be held that the claim herein was filed within the statutory period. The requirement as to beginning the action is imperative and cannot be ignored, and the ruling of the district court in sustaining the motion for summary judgment must be affirmed.

It is so ordered.

McGHEE, COMPTON, CARMODY and MOISE, JJ., concur.