423 P.2d 869

**Blynn STASEY, Plaintiff-Appellant,**

**v.**

**H. B. STASEY, d/b/a Stasey Construction Company, and Houston Fire and Casualty Insurance Company of Fort Worth, Defendants-Appellees.**

**No. 7989.**

Supreme Court of New Mexico.

Jan. 3, 1967.

Rehearing Denied Feb. 27, 1967.

Rodey, Dickason, Sloan, Akin & Robb, John P. Eastham, Albuquerque, for appellant.

Sutin & Jones, Albuquerque, for appellees.

## OPINION

OMAN, Judge, Court of Appeals.

This is a claim for workmen's compensation benefits. Claimant sustained a compensable injury on July 14, 1962. He was paid compensation benefits and medical expenses until September 21, 1963. From and after September 21, 1963, defendants failed and refused to pay claimant any further benefits, and no promise was made by defendants to pay benefits after that date.

Negotiations were conducted between claimant and his attorneys on the one hand, and a representative of defendants and their attorneys on the other hand, looking toward a possible settlement of the claim. Settlement was never effected, and claimant filed his complaint herein on November 11, 1964.

The court concluded that the claim is barred by § 59–10–13.6, N.M.S.A.1953, which provides in part:

"If an employer or his insurer fails or refuses to pay a workman any installment of compensation to which the workman is entitled under the Workmen's Compensation Act [59–10–1 to 59–10–37], after notice has been given as required by section 59–10–13.4 New Mexico Statutes Annotated, 1953 Compilation, it is the duty of the workman, insisting on the payment of compensation, to file a claim therefor as provided in the Workmen's Compensation Act, not later than one [1] year after the failure or refusal of the employer or insurer to pay compensation.

" * * * if the workman fails to file a claim for compensation within the time required by this section, his claim for compensation, all his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation are forever barred."

\* \* \* \* \* \* \*

The claimant seeks a reversal of the judgment dismissing his complaint, and relies upon two points for reversal. The first point is that:

"THE SUBSTANTIVE-REMEDIAL RULE SET OUT IN TAYLOR v. AMERICAN EMPLOYERS INSURANCE COMPANY IS NO LONGER VALID AND THE STATUTE OF LIMITATIONS IN WORKMEN'S COMPENSATION CASES CAN BE TOLLED BY A MISREPRESENTATION BY THE INSURANCE COMPANY AS TO THE DATE ON WHICH THE LAST PAYMENT OF COMPENSATION WAS MADE."

His second point is that:

"THE EMPLOYEE WAS MISLED BY A MISREPRESENTATION BY THE INSURANCE COMPANY AND THE INSURANCE COMPANY IS ESTOPPED FROM RELYING ON THE STATUTE OF LIMITATIONS."

If point I is resolved against the claimant, then it follows that point II need not be considered.

The misrepresentation which claimant asserts should operate to toll the one-year period of limitations as provided in § 59–10–13.6, N.M.S.A.1953, was a representation made by an insurance adjuster. This adjuster represented defendant insurance company in handling the claim, and, as a part of his duties in this regard, delivered the compensation checks to claimant on behalf of the insurer. As above stated, the last of these checks covered the period up to September 21, 1963.

On about June 24, 1964, the claimant and his father, who is the defendant employer, conferred with claimant's attorneys at the offices of one of these attorneys. In the course of this conference, the claimant and his father were questioned as to when compensation had last been paid to claimant. They had no definite recollection of the date when compensation benefits had been terminated, except that it was in the autumn of 1963.

Thereupon, one of the attorneys called the adjuster and asked for the date when compensation payments had ceased. The adjuster advised he did not have the information immediately available, but that he would telephone this information to the attorney's office as soon as he obtained it. Within a day or two thereafter he called the attorney's office and talked to the secretary, advising that claimant had received compensation through November 25, 1963.

On about November 2, 1964, a conference was had between the attorneys for claimant and the attorney for defendants. During this conference the attorneys for the claimant stated that the statute of limitations would run on November 25, 1964, and that claimant would proceed to file suit before that date.

On about November 10, 1964, the attorney for defendants informed claimant's counsel that his information was that claimant had last received compensation payments on September 21, 1963. The complaint was then filed on November 11, 1964.

This court has, on many occasions, construed the limitations provisions of our workmen's compensation act, which, except for the time within which the claim must be filed, have been substantially the same as they now appear in § 59–10–13.6, N.M.S. A.1953.

In Caton v. Gilliland Oil Co., 33 N.M. 227, 264 P. 946, decided in 1928, it was held that the claim was barred because it was not filed within the sixty-day period of limitations then provided by statute. This holding was reaffirmed and followed in Mumford v. State Highway Commission, 35 N.M. 404, 1 P.2d 115. It is true that in neither of these cases was the question of tolling the statute raised, but they do clearly stand for the principle that, under our workmen's compensation act, if the claim-

ant does not file his claim for compensation within the time provided, " * * * his claim, his right, and his remedy are forever barred."

Although this language is not identical with the language of § 59–10–13.6, N.M.S.A.1953, with regard to the effect of failure to timely file a claim, the meaning is the same. In the statute it is expressed in the following language:

" * * * his claim for compensation, all his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation are forever barred."

In 1933, this court issued its opinion in Taylor v. American Employers' Ins. Co., 35 N.M. 544, 3 P.2d 76, which is the case claimant urges upon us as setting forth a rule which is no longer valid. In this case the court reaffirmed the holding in the Caton and Mumford cases in the face of claims of waiver and estoppel. In Edinburg v. Southwestern Public Serv. Co., 37 N.M. 139, 19 P.2d 747, although it is not stated what facts were alleged in the claim which might have constituted an excuse for late filing, the court stated such were unavailing to enlarge the limitation of time within which the claim must be filed, and cited the Caton and Taylor cases as authority for the holding.

In Maestas v. American Metal Co., 37 N.M. 203, 20 P.2d 924, this court reaffirmed its prior holdings and stated that the timely filing of a claim is:

" * * * limitation on the right of action, which is wholly statutory, and not a mere limitation upon the remedy, and is absolute and unconditional * * *"

In 1937 the legislature enacted what appears now as § 59–10–14, N.M.S.A.1953, except for a minor amendment passed in 1959. This section of our statutes provides the only reason or excuse for tolling or extending the time within which suit must be filed, and it provides:

"The failure of any person entitled to compensation under the Workmen's Compensation Act [59–10–1 to 59–10–37] to give any notice, file any claim, or bring suit within the time fixed by the Workmen's Compensation Act shall not deprive such person of the right to compensation where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid."

All the cases above cited had been decided long before 1937.

This court, since the enactment in 1937 of this section of our workmen's compensation act, has repeatedly reaffirmed its position set forth in the earlier cases cited above, except for giving effect to the tolling of the time limitation for the reasons set forth in § 59–10–14, N.M.S.A.1953. Wilson

v. New Mexico Lumber & Timber Co., 42 N.M. 438, 81 P.2d 61; Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Lucero v. White Auto Stores, Inc., 60 N.M. 266, 291 P.2d 308; Garcia v. New Mexico State Highway Dept., 61 N.M. 156, 296 P.2d 759; Swallows v. City of Albuquerque, 61 N.M. 265, 298 P.2d 945; State ex rel. Kermac Nuclear Fuels Corp. v. Larrazolo, 70 N.M. 475, 375 P.2d 118.

The legislature has seen fit in some thirty-eight years to enact only the one provision for extending the time in which a claimant may file his claim under the workmen's compensation act, and this provision does not embrace conduct such as that upon which claimant here relies. The claimant recognizes this, but urges us to overrule our many cases holding that the failure of a claimant to timely file suit forever bars his claim, his right, and his remedy. He cites many cases, some in the area of workmen's compensation and many more in other areas of the law, wherein the courts have rejected the distinction between a remedial statute of limitations and a substantive statute of limitations.

However, in view of the express language of our statute as to the effect of a failure to timely file suit, which language we cannot ignore; the uniform position taken by this court over so many years in the construction and application of this language; the fact that the legislature has never taken action to change this statutory language so as to accomplish a result different from that expressly stated, or to in any way alter or detract from this court's construction of the language of this limitation statute; and the fact that the legislature has taken action only on the one occasion to provide for reasons or excuses which will extend the time within which suit must be filed, which reasons or excuses are set forth in § 59-10-14, N.M.S.A.1953; we are not inclined to ignore this express statutory language and the legislative intent manifested by that language and by the continued concurrence of the legislature for over thirty-eight years in this court's construction and application of that language, nor are we inclined to reverse our position so uniformly adhered to over so many years.

Since claimant must fail under his point I, consideration of his point II is unnecessary.

The judgment dismissing the complaint should be affirmed.

It is so ordered.

NOBLE and COMPTON, JJ., concur.