640 P.2d 507

**Jeffrey H. KNIPPEL, Plaintiff-Appellant,**

v.

**NORTHERN COMMUNICATIONS, INC., employer, and Fireman's Insurance Company, insurer, Defendants-Appellees.**

**No. 5322.**

Court of Appeals of New Mexico.

Jan. 12, 1982.

Bill J. Sholer, Albuquerque, for plaintiff-appellant.

Leroi Falrow, Farlow, Simone & Roberts, Albuquerque, for defendants-appellees.

## OPINION

DONNELLY, Judge.

Plaintiff appeals from an order of the trial court dismissing his complaint in a workmen's compensation action. Defendants filed a motion to dismiss for failure to state a claim. It also asserted the statute of limitations was a complete bar to plaintiff's claim for compensation. After argument of opposing lawyers, the trial court dismissed the complaint with prejudice because it was not timely filed. We affirm.

Where matters outside the pleadings are considered on a motion to dismiss for failure to state a claim, the motion becomes one for summary judgment, N.M.R.Civ.P. 12(b)(6), N.M.S.A.1978. It is in this posture that we consider the case at bar. Defendants filed an affidavit before the hearing in support of their motion to dismiss. Plaintiff filed his affidavit and exhibits after notice of appeal, but it was presented to the trial court at the hearing. Because defendants agreed, we consider all of these documents on appeal.

Plaintiff sustained an injury to his left foot on August 10, 1976, while working for defendant in Santa Fe, New Mexico. The injury resulted in loss of time from employment and the necessity of continuing medical care and treatment. Defendants paid plaintiff's medical expenses and compensation benefits from the date of the accident through November 24, 1977. Plaintiff's suit for workmen's compensation benefits was filed on January 30, 1981.

It is uncontroverted that defendants terminated payment of compensation benefits on November 24, 1977, although defendants have continued to pay medical benefits through a current date. Following termination of the payment of weekly benefits, the parties engaged in continuing settlement negotiations. Throughout the negotiations plaintiff was represented by legal counsel other than his attorney in this appeal. Defendants made a series of written offers to settle plaintiff's claim, which were rejected or answered with counter-offers by plaintiff. Plaintiff's counter-offers were likewise rejected by the adjuster for the employer's insurance carrier, but the process of negotiations resulted in several increases in the amounts that defendants offered in settlement.

In a letter to plaintiff's attorney dated January 3, 1979, defendants tendered $4,349.45 in additional compensation benefits, plus $2,750.00 for future medical benefits. Plaintiff rejected the offer and made another counter-offer. Plaintiff's counter-offer was rejected by defendants, but it evoked still another counter-offer. On March 3, 1980, the adjuster wrote to plaintiff's counsel recognizing a 40% disability and offering to settle for $5,272.06, plus $5,000.00 for future medical bills: a total settlement of $10,272.06.

As indicated in plaintiff's affidavit, he did not accept defendants' offer nor respond by any further counter-offer. Defendants' adjuster wrote to plaintiff's attorney by letter dated June 24, 1980. The letter stated in part:

> It appears from my records that the statute has run in this case. However, since we have been trying to settle this claim, I

felt that I could continue to try to resolve this matter with you.

&ast; &ast; &ast; &ast; &ast; &ast;

In light of the above information, I think our only alternative is to settle the disability and leave the medical open for a period of time. I would be willing to pay the 33% disability now and leave the medical open for two years. Please discuss this with your client and call me if you have any questions.

Subsequent to the June 24, 1980 offer, the defendant's adjuster again wrote to plaintiff's attorney inquiring whether defendants' last offer was acceptable. The adjuster wrote letters seeking a response from plaintiff on August 7, 1980, and on January 21, 1981. The adjuster's letter dated July 21, 1981 indicated that defendants had not received any response from plaintiff concerning the June 24, 1980 offer and requested that plaintiff's counsel "please reply to this letter so that * * * [defendants] know where we stand on settlement."

Plaintiff elected not to respond to the adjuster's letter and instead filed suit in the District Court of Bernalillo County, New Mexico, on January 30, 1981. He sought an award for either permanent total disability, or, in the alternative, for permanent partial disability, by reason of the accidental injury suffered on August 10, 1976.

The single issue raised on appeal is whether a genuine issue of fact existed as to whether continuing settlement negotiations between the parties tolled the time for filing plaintiff's action under the Workmen's Compensation Act.

Plaintiff contends that during the period from the last payment of compensation to the time suit was filed, there were ongoing settlement negotiations, and that such negotiations created a factual issue as to whether the time for filing plaintiff's cause of action herein was tolled.

Plaintiff, however, admitted that if the statute of limitations is not tolled the claim is barred. The trial court's order dismissing plaintiff's complaint was proper under the statute of limitations, § 52–1–31, N.M.S.A.

1978. It is undisputed that after November 24, 1977, when defendants ceased paying workmen's compensation benefits to plaintiff, a series of offers and counter-offers were tendered between the parties and that no agreement was ever finalized settling the claims.

Plaintiff stated in his affidavit:

Since February 16, 1978, the insurance carrier * * * has offered to settle my claim on the basis of a 33 to 40 percent disability to my foot, but has been unwilling to leave open future medical expenses * * *. At the onset, the insurance carrier was willing to allow a 33 percent disability and leave the medical expenses open for six months, and then on January 3, 1979, was willing to allow $2,750.00 to cover future medicals. On April 23, 1979, the insurance carrier offered to increase the allowance for future medicals to $5,000.00. On March 3, 1980, the insurance carrier offered a 40 percent disability rating, and $5,000.00 for future medicals. This offer of settlement has remained outstanding continuously since that time, until January 21, 1981, the date of the last inquiry from the insurance carrier. Copies of all letters received from the insurance carrier with respect to the settlement negotiations have been attached hereto and made a part hereof.

Plaintiff's affidavit further stated that: The [defendants] carrier has consistently maintained that a settlement could not be affected so as to leave future medical expenses open, and I have been reluctant to accept a final settlement with respect to such [future medical] expenses when the amount thereof is unknown. * * * Throughout the period of settlement offerings, I have continually expressed this position, and the carrier has been increasing the medical expense offering.

&ast; &ast; &ast; &ast; &ast; &ast;

The insurance carrier has repeatedly increased the benefits payable, both as to the percentage of disability and its allowance for future medical expenses. It had been my impression based upon that con-

duct that the insurance carrier had been willing to concede the likelihood of substantial medical expenses and greater disability. The insurance carrier has now indicated its intention to stand by its last offer without modification irrespective of future degeneration.

Absent the existence of facts that give rise to a claim of waiver, equitable estoppel, or conduct which reasonably may be said to have led the plaintiff to believe compensation would be paid, § 52–1–31 is controlling. The statute states:

If an employer or his insurer fails or refuses to pay a workman any installment of compensation * * * it is the duty of the workman insisting on the payment of compensation to file a claim therefor as provided in the Workmen's Compensation Act, not later than one year after the failure or refusal of the employer or insurer to pay compensation. This one year period of limitations shall be tolled during the time a workman remains employed by the employer by whom he was employed at the time of such accidental injury, not to exceed a period of one year. * * *

From the time defendants terminated payment of weekly compensation benefits on November 24, 1977, until the date of filing of plaintiff's complaint, a period in excess of three years and two months elapsed. The facts are undisputed as to the date of plaintiff's accident, the date compensation ceased, ongoing and continuing settlement negotiations between the parties and the date of the filing of plaintiff's complaint.

Attached to plaintiff's affidavit in response to defendants motion for summary judgment were copies of letters which chronicled defendants efforts to settle plaintiff's claims. Defendants letters, far

from creating an issue of material fact which would give rise to a legitimate basis for tolling the statute of limitations, indicated vigorous efforts on the part of defendants to attempt to settle plaintiff's claims.[1] Even after recognizing that the statute of limitations had expired, defendants nevertheless offered to settle plaintiff's claims.

As stated in *Goodman v. Brock*, 83 N.M. 789, 498 P.2d 676 (1972), the burden is on the party moving for summary judgment to show the absence of a genuine issue of fact, or that they were entitled as a matter of law for some other reason to a summary judgment in their favor. In *Goodman, supra*, the court further stated: "[o]nce defendants had made a prima facie showing that they were entitled to summary judgment, the burden was on plaintiff to show that there was a genuine factual issue and that defendants were not entitled as a matter of law to summary judgment."

In the case at bar, defendants met their burden by filing their affidavit, which showed that plaintiff's complaint was filed more than three years after compensation had been terminated.

Thus, for plaintiff to withstand a motion for summary judgment, he bore the burden to show the existence of a disputed material fact or facts indicating a basis for his failure to file his complaint for workmen's compensation benefits within the one year period mandated by § 52–1–31. *See Oschwald v. Christie*, 95 N.M. 251, 620 P.2d 1276 (1980); *Goodman v. Brock, supra*.

Under N.M.R.Civ.P. 56, N.M.S.A.1978, the plaintiff failed to go forward and demonstrate that a genuine issue of fact requiring a trial existed. No factual issue was shown

---

1. As reflected by plaintiff's affidavit, the adjuster for defendants sent correspondence to plaintiff's attorney, which, briefly summarized, was as follows: (1) letter of January 3, 1979, desiring to discuss the case; (2) letter of April 23, 1979, sending a proposed release and draft for $9,349.45; (3) letter of May 16, 1979, inquiring why defendants had not received executed release from plaintiff; (4) letter of March 3, 1980, raising total offer of settlement to $10,-

272.00; (5) letter of May 29, 1980, indicating defendants had not received a response from their prior letter; (6) letter of June 24, 1980, noting that limitations period expired and still indicating a desire to settle the claim; (7) letter of August 7, 1980, inquiring why no response was received from defendants' prior letter; (8) letter of January 21, 1981, again inquiring why defendant had not heard from plaintiff.

as to the existence of a latent injury, nor facts that would toll the statute while plaintiff continued to work. *Goodman v. Brock, supra; Duran v. New Jersey Zinc Co.,* 83 N.M. 38, 487 P.2d 1343 (1971); *see, e.g., Cordova v. City of Albuquerque,* 71 N.M. 491, 379 P.2d 781 (1963); *De La Torre v. Kennecott Copper Corp.,* 89 N.M. 683, 556 P.2d 839 (Ct.App.1976).

■ Offers to settle do not toll the statute of limitations unless the offers are coupled by defendants' or their agent's conduct that reasonably led plaintiff to believe compensation would be paid. The existence of any material fact indicative of defendants' conduct was not shown. *West v. Valley Sales & Service Co.,* 66 N.M. 149, 343 P.2d 1038 (1959); *Garcia v. New Mexico State Highway Dept.,* 61 N.M. 156, 296 P.2d 759 (1956); *see Lasater v. Home Oil,* 83 N.M. 567, 494 P.2d 980 (1972); *overruled on other grounds, Schiller v. Southwest Air Rangers, Inc.,* 87 N.M. 476, 535 P.2d 1327 (1975).

Plaintiff seeks to distinguish the case at bar from prior decisions which held that pending settlement negotiations do not toll the requirement for a timely filing under the Workmen's Compensation Act. He relies upon the provisions of § 52–1–36, N.M. S.A.1978. The statute specifies:

The failure of any person entitled to compensation under the Workmen's Compensation Act * * * to give any notice, file any claim or bring suit within the time fixed by the Workmen's Compensation Act shall not deprive such person of the right to compensation where the failure was caused in whole or in part of the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid.

Prior to the enactment of § 52–1–36, early decisions in New Mexico declined to recognize assertions of equitable estoppel or waiver as a basis for tolling the time constraints imposed by § 52–1–31. *Edinburg v. Southwestern Public Service Co.,* 37 N.M. 139, 19 P.2d 747 (1933); *see Taylor v. American Employers' Insurance Co. of Boston,* 35 N.M. 544, 3 P.2d 76 (1931); *Caton v. Gilli-land Oil Co.,* 33 N.M. 227, 264 P.2d 946 (1928). After the amendment of the Workmen's Compensation Act by Laws 1937, Ch. 92, § 13, (*current codification at* § 52–1–36), circumstances similar to equitable estoppel or waiver have been acknowledged as a valid ground for tolling the statute in proper cases. *See e.g., Martinez v. Earth Resources Co.,* 90 N.M. 590, 566 P.2d 838 (Ct.App.1977); *Garcia v. New Mexico State Highway Dept., supra.*

The statute, however, can be of no comfort to plaintiff because defendants engaged in no conduct which reasonably led plaintiff to believe that defendants would indefinitely continue raising their prior offers of settlement or leave the time for making medical payments open under terms acceptable to the plaintiff.

Plaintiff argues that the issue whether his delay was reasonable is a disputed question of fact. He relies on *Owens v. Eddie Lu's Fine Apparel,* 95 N.M. 176, 619 P.2d 852 (Ct.App.1980). The facts in *Owens,* however, are distinguishable from the case at bar. In *Owens,* the claimant alleged the existence of facts that arguably could be construed as a promise that workmen's compensation benefits and medical bills would be paid, lulling the plaintiff to believe that filing her action was unnecessary. In *Owens,* the court held that, during the time defendants led plaintiff to reasonably believe compensation would be paid, the limitations period for filing a claim was tolled. In the instant case, however, plaintiff made no showing that defendants' conduct indicated compensation would be paid. The facts are undisputed that defendants terminated weekly payment of compensation benefits more than three years prior to the filing of plaintiff's complaint and refused to reinstate them.

■ Mere negotiations, without more, are insufficient as a matter of law to estop assertion of the statute of limitations as a bar. *Bealle v. Nyden's, Inc.,* 245 F.Supp. 86 (D.Conn.1965); *Kunstman v. Mirrizzi,* 234 Cal.App.2d 753, 44 Cal.Rptr. 707 (Dist.Ct. App.1965); *Cuppy v. General Accident Fire*

& *Life Assurance Corp.*, 378 S.W.2d 629 (Ky.App.1964); Annot., 39 A.L.R.3d 127 (1971). It is the policy of the law to favor compromise and settlement in workmen's compensation cases. *Esquibel v. Brown Construction Co.*, 85 N.M. 487, 513 P.2d 1269 (Ct.App.), *cert. denied*, 85 N.M. 483, 513 P.2d 1265 (1973). *See also Bogle v. Potter*, 68 N.M. 239, 360 P.2d 650 (1961). Holding that a suit was barred by the statute of limitations despite conduct of settlement negotiations, *Kunstman, supra*, stated:

> To permit one who has knowledge of the law to attempt to negotiate a settlement and subsequently plead estoppel would not only destroy the effect of the legislative statutes of limitation but would seriously impair the climate and effectiveness of the present method of encouraging settlement without litigation.

In such posture, the granting of summary judgment for defendants was proper. *See* Annot., 61 A.L.R.2d 341 (1958).

Since defendants have paid plaintiff's medical expenses, a claim for such payments is premature. The limitation provision of § 52–1–31 does not apply to such claims. *Lasater v. Home Oil Co., supra.*

After reviewing the pleadings, plaintiff's affidavit and the attached exhibits, in a light most favorable to plaintiff, and resolving all reasonable doubts in his favor, it is evident that plaintiff failed to show that a genuine material fact issue precluded summary judgment as a matter of law.

The order of the trial court is affirmed.

IT IS SO ORDERED.

HENDLEY and SUTIN, JJ., concur.