This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STACY L. BALCOM, a/k/a LIBERTY PRODUCTION AGENCY,**

Plaintiff-Appellant,

v.                                                      NO. 29,395

**BETTY FLEISSNER of EAGLE NEST REAL ESTATE, DAVID and LAJUANA COURLAS, XREALTY for JACK SCHWEITZER, NORTH COUNTRY REAL ESTATE for ROGER MEEKER, PAUL PITT, ATTORNEY for GANT FAMILY RANCH and ROGER MEEKER a/k/a EAGLE NEST RANCH, LLC,**

Respondents-Appellees.

**APPEAL FROM THE DISTRICT COURT OF COLFAX COUNTY**
**Sam B. Sanchez, District Judge**

Stacey L. Balcom
Pro Se Appellant

Stephen Natelson
Taos, NM

for Eagle Nest Real Estate,
David and LaJuana Courlas,
and Betty Fleissner,

Robin C. Blair
Raton, NM

for Gant Family Ranch
and Paul Pitt

X Realty
Eagle Nest, NM

Pro Se Appellee

North County Real Estate
Angel Fire, NM

Pro Se Appellee

Frank Belichick
Eagle Nest, NM

Pro Se Appellee

Stan Samuels
Angel Fire, NM

Pro Se Appellee

# MEMORANDUM OPINION

**KENNEDY, Judge.**

Plaintiff is appealing, pro se, from a district court order dismissing out the remaining party or parties in her lawsuit involving land and real estate transactions in

Colfax county. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. To the extent that Plaintiff is requesting that we reconsider our previous ruling on her motion to attach exhibits, we hereby deny the motion to reconsider. Not persuaded that our calendar notice was incorrect, we affirm the district court.

Plaintiff is appealing from a district court dismissing her civil complaint. Because matters outside of the pleadings were considered [RP 45-76], Defendants' motions to dismiss were converted to motions for summary judgment. *See Knippel v. Northern Communic'ns, Inc.*, 97 N.M. 401, 402, 640 P.2d 507, 508 (Ct. App. 1982). "Summary judgment is proper if there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Roth v. Thompson*, 113 N.M. 331, 334, 825 P.2d 1241, 1244 (1992). When a party makes a prima facie showing of summary judgment, the burden shifts to the party opposing the motion to come forward with specific material facts that would make a trial necessary. *Id.* at 334-35, 825 P.2d at 1244-45. We look to the whole record to see if a material fact issue exists. *Id.* at 335, 825 P.2d at 1245.

Plaintiff filed this action on behalf of her corporation, Liberty Production Agency. [RP 1] Defendants filed motions to dismiss based on two independent grounds for dismissal: the fact that Plaintiff may not represent the corporation because

she is not an attorney and on the claim that her Colorado-based company does not have a certificate of authority to transact business in the state. [RP 257; 287; 293] Our calendar notice proposed to hold that both of these grounds independently supported dismissal of her complaint. *See* NMSA 1978, § 36-2-27 (1999) (prohibiting the unauthorized practice of law); NMSA 1978, § 53-17-20(A) (1969) (requiring certificate of authority as prerequisite for corporation to maintain litigation).

In her memorandum in opposition, Plaintiff does not establish any factual or legal errors in our calendar notice. *State v. Sisneros*, 98 N.M. 201, 202-03, 647 P.2d 403, 404-05 (1982) ("The opposing party to summary disposition must come forward and specifically point out errors in fact and in law."). Accordingly, we affirm.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:


_____
**CYNTHIA A. FRY, Chief Judge**


_____
**TIMOTHY L. GARCIA, Judge**

4