This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**JOHN GROH**,

    Plaintiff-Appellant,

v.
                **NO. 30,719**

**CITY OF AZTEC, COUNTY OF**
**SAN JUAN, TOM HAVEL, JIM**
**CALHOUN, SJCDC SERGEANTS**
**SMART and MARTINEZ, and**
**SJCDC OFFICER RUTLEDGE,**

    Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Thomas J. Hynes, District Judge**

John Groh
Roswell, NM

Pro Se Appellant

Klecan & Childress
Ronald J. Childress
Elaine R. Dailey
Albuquerque, NM

Brennan & Sullivan PA
Michael W. Brennan
Santa Fe, NM

for Appellees

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Plaintiff filed suit based on his claim of neglect after he was detained pursuant to a bench warrant. We issued two calendar notices proposing to affirm. We have received memoranda in opposition to both notices. We have duly considered Plaintiff's arguments, but we find them unpersuasive. We affirm.

Plaintiff continues to claim that he was entitled to a jury instruction on negligence per se regarding his right to a telephone call and that he was entitled to an instruction on loss or destruction of evidence. In our calendar notice, we explained that Plaintiff had not demonstrated harm or injury of the general type that was to be prevented by the statute granting a right to a telephone call. Plaintiff was required to demonstrate injury and to show that his injuries were caused by Defendants' wrongful conduct in violating the statute. *See Johnstone v. City of Albuquerque,* 2006-NMCA-119, ¶ 18, 140 N.M. 596, 145 P.3d 76. Plaintiff cannot simply allege harm or injury. *See Acosta v. City of Santa Fe*, 2000-NMCA-092, ¶ 15, 129 N.M. 632, 11 P.3d 596. In response to our explanation, Plaintiff again points to his allegations of various problems he claims to have experienced as a result of the violation of the statute including, lost muscle mass, inability to sleep, and loss of enjoyment. [MIO 2-4] An assertion of prejudice is not a showing of prejudice, *In re Ernesto M., Jr.*, 1996-

NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318. We hold that Plaintiff did not demonstrate that he suffered harm or injury.

Plaintiff also claims that, while he was testifying, he was cut off and interrupted by the district court. There is nothing to indicate that his claims are supported by the record. *State v. Reynolds*, 111 N.M. 263, 267, 804 P.2d 1082, 1086 (Ct. App. 1990) ("Matters outside the record present no issue for review."). In fact, as discussed by Plaintiff, during his testimony, the district court only reminded Plaintiff to refer to relevant facts and to limit argument to closing. The district court must exercise reasonable control over the interrogation of witnesses and the presentation of evidence. Rule 11-611 NMRA. Admission of evidence is within the discretion of the district court. *See State v. Worley,* 100 N.M. 720, 723, 676 P.2d 247, 250 (1984). Plaintiff has not demonstrated error by the district court.

In our calendar notice, we proposed to agree with the district court's decision to dismiss Plaintiff's claim of destruction of evidence on grounds that Plaintiff failed to state a claim. We explained that, if matters outside the pleadings are considered, on a motion to dismiss for failure to state a claim, the motion becomes a motion for summary judgment. *Knippel v. N. Commc'ns, Inc.*, 97 N.M. 401, 402, 640 P.2d 507, 508 (Ct. App. 1982). We concluded that Plaintiff had failed to show that the failure to preserve booking tapes caused him damage or prevented him from presenting a

4

defense. In response, Plaintiff states that, because the tapes were lost, he could not be sure about the identity one of those he made claims against and he "would probably have prevailed" [MIO 9] on one claim if he had the tapes to make a positive identification. Plaintiff also claims that the tapes "would disprove" the defenses, and would show whether he had shoes, whether he had been given telephone calls, and whether he was fed. [MIO 10] Again, these are only assertions and cannot be used to show prejudice or harm. Moreover, Plaintiff was available to testify about the person he claims was laughing at him and was available to testify about his other claims. Plaintiff has not demonstrated that he was harmed by the loss of the tapes.

For the reasons discussed in this opinion and in our two calendar notices, we affirm.

**IT IS SO ORDERED.**

                               _____
                               **MICHAEL E. VIGIL, Judge**

**WE CONCUR:**


_____
**JAMES J. WECHSLER, Judge**



_____
**LINDA M. VANZI, Judge**

5