This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**KERRY KRUSKAL,**

Plaintiff-Appellant,

**v.**                                                              **No. A-1-CA-36718**

**PETER SPRUNT,**

Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF TAOS COUNTY**
**Sarah C. Backus, District Judge**

Kerry Kruskal
Arroyo Seco, NM

Pro Se Appellant

Walcott, Henry & Winston, P.C.
Charles V. Henry
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**HANISEE, Judge.**

{1}     Plaintiff is appealing from a district court order granting Defendant's motion to dismiss. We issued a calendar notice proposing to affirm. Plaintiff has responded with a memorandum in opposition. Not persuaded, we affirm the district court.

{2}     Because the court considered matters outside the pleadings, the motion to dismiss is considered one for summary judgment. *Knippel v. N. Commc'ns, Inc.*, 1982-NMCA-009, ¶ 2, 97 N.M. 401, 640 P.2d 507, *overruled on other grounds by Schultz ex rel. Schultz v. Pojoaque Tribal Police Dep't.*, 2013-NMSC-013, ¶ 37 n.2 ___ P.3d ___. "Summary judgment is appropriate where there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law." *Bank of N.Y. Mellon v. Lopes*, 2014-NMCA-097, ¶ 6, 336 P.3d 443 (internal quotation marks and citation omitted). "We review issues of law de novo." *Id.*

{3}     The district court determined that Plaintiff's lawsuit is barred by res judicata. [RP 96-98] In the context of claim preclusion, res judicata "precludes a subsequent action involving the same claim or cause of action." *Brannock v. Lotus Fund*, 2016-NMCA-030, ¶ 21, 367 P.3d 888 (internal quotation marks and citation omitted). The elements of a claim preclusion-based res judicata claim are: "(1) identity of parties or privies, (2) identity of capacity or character of persons for or against whom the claim is made, (3) the same cause of action, and (4) the same subject matter." *Id.* (internal quotation marks and citation omitted) As set forth in detail by the district court's order

[RP 96-98], all elements of res judicata are satisfied in this case. Contrary to Plaintiff's assertion, issues relating to the "stored water right" were previously litigated. [RP 96] We also conclude that the district court's chronology of Plaintiff's repeated frivolous filings supports sanctions, including limits on further litigation. *See In re Jade G.*, 2001-NMCA-058, ¶¶ 27-29, 130 N.M. 687, 30 P.3d 376 (noting that "a court's inherent authority extends to all conduct before that court and encompasses orders intended and reasonably designed to regulate the court's docket, promote judicial efficiency, and deter frivolous filings.")

{4}     For the reasons set forth above, we affirm.

{5}     **IT IS SO ORDERED.**


_____
**J. MILES HANISEE, Judge**


**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**

3