367 P.2d 913

**Milo NASCI, Plaintiff-Appellant,**

**v.**

**FRANK PAXTON LUMBER CO., Inc., and
Columbia Casualty Company,
Defendants-Appellees.**

**No. 7050.**

Supreme Court of New Mexico.

Dec. 28, 1961.

Rehearing Denied Jan. 29, 1962.

Hines, Prentice & Mistretta, Albuquerque, for appellant.

Keleher & McLeod, Russell Moore, Albuquerque, for appellees.

MOISE, Justice.

Milo Nasci, hereinafter referred to as employee was accidentally injured on May 12, 1958, in the course of his employment with Frank Paxton Lumber Co., Inc., hereinafter referred to as employer. The accident was reported immediately to employee's foreman. Employee saw a doctor

on the date of the accident and periodically thereafter. He returned to work the day after the accident with the understanding he would not have to do any lifting, and he lost no time from work. Employer paid all doctor bills up to and including July 6, 1960, when notice was given that it would no longer be responsible for medical expenses. On September 9, 1960, employee filed his claim in court asserting that he was in need of continued medical treatment in the future and seeking an adjudication for the same from the court. An allowance for attorney fees was also prayed.

By their answer, employer and insurer denied all material allegations of the complaint, and by special defenses pleaded bar of the one-year statute of limitations, and further that any injuries that employee may have suffered had healed.

The court found that the statute of limitations had run and that employee's claim was accordingly barred. Judgment dismissing the claim was entered and this appeal perfected to test the correctness of this ruling.

The portions of our Workmen's Compensation Act dealing with limitation of actions, as it existed in 1958 when the accident occurred, reads as follows:

"The compensation herein provided shall be paid by the employer to any injured workman entitled thereto in semi-monthly instalments as nearly equal as possible excepting the first instalment which shall be paid not later than thirty-one (31) days after the date of such injury. * * * In event such employer shall fail or refuse to pay the compensation herein provided to such workman after having received such notice, or, without such notice when no notice is required, it shall be the duty of such workman, insisting upon the payment thereof, to file a claim therefor in the manner and within the time hereinafter provided. In event he shall either fail to give such notice within the time required, or fail to file such claim within the time hereinafter required, his claim for such compensation and all right to the recovery of the same and the bringing of any legal proceeding for the recovery thereof shall be and is hereby forever barred. * * * In event of the failure or refusal of any employer to pay any workman entitled thereto any instalment of the compensation to which such workman may be entitled under the terms hereof, such workman shall be entitled to enforce the payment thereof by filing in the office of the clerk of the district court a claim which shall be signed and sworn to by the injured workman or some one on his behalf before any officer authorized to administer oaths, and fil-

ed not later than one (1) year after such refusal or failure of the employer so to pay the same. * * *" (§ 59–10–13, N.M.S.A.1953)

Under § 59–10–13.6, N.M.S.A.1953, pocket supp., being § 10, Chap. 67, N.M.S.L.1959, effective July 1, 1959, it is still provided that a claim for compensation must be filed "not later than one [1] year after the failure or refusal of the employer or insurer to pay compensation" or "his claim for compensation, all his right to the recovery of compensation and the bringing of any legal proceeding for the recovery of compensation are forever barred."

We are clear that the statute as it existed at the time of the injury applies in the instant case, and not the 1959 amendment, if in fact any material differences exist in them. The section being a limitation on the right to recover compensation, and not merely on the remedy, and there being no evidence of legislative intent that the amendment should operate other than prospectively, we must deny it retroactive operation. We so held in connection with the 1937 amendment of the Act which enlarged the limitation period to one year instead of six months. Wilson v. New Mexico Lumber & Timber Co., 42 N.M. 438, 81 P.2d 61.

However, it should be noted that § 59–10–13, N.M.S.A.1953, makes no reference whatsoever to surgical, medical, hospital services and the like. It speaks only of "compensation" and "instalments of compensation." Accordingly, to resolve the issue here presented we are faced with the necessity of determining if it was the intention of the legislature to make surgical, medical and other benefits provided for in § 59–10–19, N.M.S.A.1953, subject to the limitations of § 59–10–13, N.M.S.A.1953. Clearly they are not within the meaning of "instalment of compensation" as was stated by us in Garcia v. New Mexico State Highway Department, 61 N.M. 156, 296 P.2d 759, in which it was decided that where the employer had failed or refused to pay instalments of compensation for more than a year, the fact that medical payments were being made did not serve to toll the statute of limitations. In that case we reviewed decisions from a number of jurisdictions, and pointed out that whereas most statutes provide that the statute of limitations shall run from the time compensation is refused or not paid, and medical expenses, are under such statutes generally considered to be "compensation" our statute runs from the time there is a failure or refusal to pay any "instalment of compensation," clearly indicating a legislative intention that payment for medicines, doctors and such should not be considered.

Accordingly, the case stands for the proposition that medical and surgical payments provided for in § 59–10–19, N.M.S.A.1953, are not "instalments of compensation." It

leaves unanswered the question of whether they are "compensation."

However, whether medical payments are compensation or not we need not decide. An examination of § 59–10–13, N.M.S.A.1953, quoted above, demonstrates that the one-year statute applies only after failure or refusal to pay instalments of compensation—not when medical payments are not paid. Accordingly, whether medical payments be considered as compensation under the statute, the one year limitation of § 59–10–13, N.M.S.A.1953, does not apply to it.

Employer finds the position of employee inconsistent because of his argument that the statute of limitations never started to run on the claim for medical benefits because employee was never disabled while at the same time claiming to be entitled to workmen's compensation benefits. Employer states that if employee was not disabled so as to start the running of the statute of limitations, it must follow the employee was not disabled so as to be entitled to claim workmen's compensation benefits, and if he was entitled to workmen's compensation benefits the statute began to run May 12, 1958, the date of the injury and would be barred.

We do not agree with employer's analysis as just stated. As already noted the statute of limitations bars a claim for instalments of compensation if the claim therefor is not filed within one year after 31 days shall have passed from the date of the refusal or failure to pay the same. Samora v. Town of Las Cruces, 45 N.M. 75, 109 P.2d 790. However, we do not see in the language of the statute any provision that absent entitlement to instalment payments, an employee is not to receive medical or surgical benefits. On the contrary, whereas the instalment payments shall not be due and payable unless the employee is disabled for more than seven days (§§ 59–10–18 and 59–10–19, N.M.S.A.1953) it is provided in § 59–10–19, N.M.S.A.1953, that "after injury, and continuing so long as medical or surgical attention is reasonably necessary * * *" the employer is required to furnish the same within certain limits. Such a requirement would seem to be reasonable in view of the fact that an employee could not wait seven days or any other protracted period after injury to determine if medical attention is necessary and it would not be to employer's interest that he do so.

Also, there must be many cases of minor injuries which are not disabling if treated promptly, whereas, if medical attention is delayed, serious consequences might result. In the instant case the employee was injured on May 12, 1958, and there is no question that employer had notice of the same. Medical attention was furnished immediately and continued for more than two years and employee never lost any time from his work, nor did he claim instalments of com-

pensation on account of any disability which he may have suffered. However, insofar as he needed medical attention within the limits of § 59–10–19, N.M.S.A.1953, growing out of his injury he was entitled to the same. We see nothing in the act requiring a different result, and in line with the policy of liberal construction in favor of the workman announced by this court many times (Lipe v. Bradbury, 49 N.M. 4, 154 P.2d 1000; Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365), we are of the opinion that the claim here asserted was not barred.

Arizona has arrived at a similar conclusion in a comparable situation, although their statute differs from ours in certain respects not material to the issue here being considered. See Lowman v. Industrial Commission, 54 Ariz. 413, 96 P.2d 405; McAllister v. Industrial Commission, 88 Ariz. 25, 252 P.2d 359.

Employer's argument is, in effect, if medical and surgical benefits are "incidental to and a concomitant part of a compensable injury for which the employer is liable under the act, and the employer is only liable for such services where the employee would be entitled to compensation" as was stated in State ex rel. J. P. (Bum) Gibbons, Inc., v. District Court of Fifth Judicial District, 65 N.M. 1, 330 P.2d 964, how can the employee sue and collect for medical payments when his right to compensation is barred by the one year statute? We think the answer is obvious. Insofar as the language quoted is concerned, it means nothing more nor less than that there must have been an injury by accident in the course of the employment and that the employee was therefore entitled to compensation as a result thereof. The compensation to which he is entitled may be nothing more than medical and surgical payments, but the right must have arisen out of an accidental injury in the course of employment. This had not been established in State ex rel. J. P. (Bum) Gibbons, Inc., v. District Court of Fifth Judicial District, supra, and accordingly until such connection was established it was premature to ask that medical and surgical benefits be ordered. Pate v. Makin Drilling Company, 66 N.M. 402, 349 P.2d 121, added nothing to the holding in this case, but cited it as authority and followed it.

We see nothing inconsistent in holding that until it has been admitted or is judicially determined that the injury out of which the right to claimed medical benefits arises resulted from an accident suffered in the course of employment to order payment of the same would be premature, and our conclusion here expressed that medical benefits can be claimed even though the right to claim instalment payments of compensation under § 59–10–18, N.M.S.A.1953, may be barred by the provisions of § 59–10–13, N.M.S.A.1953.

From what has been said it follows that the court erred in dismissing employee's claim because of the bar of § 59–10–13, N.M.S.A.1953, and accordingly the judgment of dismissal is reversed and the cause remanded with instructions to proceed in the cause in a manner not inconsistent herewith.

It is so ordered.

COMPTON, C. J., and CARMODY, J., concur.

CHAVEZ and NOBLE, JJ., not participating.