441 P.2d 219

**Ruben D. CROMER, Plaintiff-Appellant,**

v.

**J. W. JONES CONSTRUCTION COMPANY, Inc., and Mountain States Mutual Casualty Company, Defendants-Appellees.**

**No. 63.**

Court of Appeals of New Mexico.

May 3, 1968.

Gerald Goodman, Duran & Goodman, Albuquerque, for appellant.

John R. Cooney, Leland S. Sedberry, Modrall, Seymour, Sperling, Roehl & Harris, Albuquerque, for appellee.

## OPINION

SPIESS, Chief Judge.

Ruben D. Cromer has appealed from orders denying certain claimed benefits under the Workmen's Compensation Act and the dismissal of his complaint.

The defendant Mountain States Mutual Casualty Company has cross appealed from an order requiring that it furnish plaintiff

an artificial arm and likewise awarding attorney's fees to plaintiff for the presentation of his claim for the artificial member.

By the complaint and through various motions plaintiff sought (1) compensation for total disability and attorney's fees; (2) an artificial arm and training in its use; (3) benefits for permanent disfigurement about the head and face, and (4) summary judgment.

It appears to be undisputed that on or about the 15th of August, 1964, plaintiff sustained compensable injuries of a serious nature which resulted in the amputation of his left arm and likewise included certain injuries to his head and face. As a result of these injuries defendant paid compensation installments for a period of time and likewise paid a substantial sum for medical expenses. The complaint was filed August 29, 1966. The last semi-monthly installment of compensation paid plaintiff prior to the filing of the complaint was on or about April 11, 1966.

After suit had been filed defendant appeared and moved the court to dismiss the complaint "for failure to state a cause of action on the ground that the action is premature and in the alternative * * * for summary judgment".

Before defendant's motion to dismiss was acted upon by the trial court it (1) granted a motion requiring defendant to furnish plaintiff an artificial arm and awarding attorney's fees for presentation of the motion relating to the artificial arm; (2) denied a motion to require defendant to provide training in the use of the artificial arm; (3) denied plaintiff's motion seeking benefits on account of claimed permanent disfigurement about his head and face; and (4) denied plaintiff's motion for summary judgment.

Review is sought of (1) the order dismissing plaintiff's complaint; (2) the denial of plaintiff's motion to require defendant to provide training in the use of the artificial arm; (3) the denial of the motion seeking benefits on account of permanent disfigurement, and (4) the denial of plaintiff's motion for summary judgment.

Defendant's cross appeal as we have stated is from the order requiring it to furnish an artificial arm and awarding attorney's fees.

■ The order dismissing the complaint, in our opinion, is not sustainable. The grounds of dismissal as stated in the order are "the complaint is moot and premature". The order of dismissal was based solely upon the pleadings and affidavits filed in the cause and will be treated as a summary judgment. Richardson Ford Sales v. Cummins, 74 N.M. 271, 393 P.2d 11 (1964); Gonzales v. Gackle Drilling Co., 70 N.M. 131, 371 P.2d 605 (1962).

Considering first the ground of mootness it appears from an affidavit of defendant's claims manager and an exhibit attached to the affidavit that the defendant had paid plaintiff all installments of compensation to which he was entitled through April 11, 1966. Payments were then stopped for the reason, as stated, that plaintiff on or about April 8, 1966, orally agreed to accept a lump-sum settlement which defendant had proposed. After the suit had been filed all installment payments of compensation for the period from April 7, 1966, to the filing of the complaint were paid.

As we have stated, relief sought by the complaint included the payment of compensation.

■ The conclusion that "the complaint is moot" must have been based upon the fact that after the complaint had been filed all installments of compensation then in arrears had been paid to plaintiff. The payment or resumption of payment of the semi-monthly installments of compensation would render the case moot only as to defendant's liability for such compensation. There remained, however, an undetermined issue involving plaintiff's right to an award of attorney's fees which prevented the entire proceedings from becoming moot. Mootness consequently was not a proper basis for the dismissal of the complaint.

See City of Albuquerque v. Chapman, 77 N.M. 86, 419 P.2d 460 (1966).

The conclusion that the suit was premature was apparently predicated either on the ground that a settlement had been effected between the parties, or on the ground that plaintiff was estopped from filing suit under the facts without first giving notice of his intention to so do.

In reaching the conclusion that the complaint was premature the court had before it the affidavit of defendant's claims manager, and likewise affidavits of plaintiff and his wife. The claims manager's affidavit relating to the settlement is as follows:

"On April 8, 1966, Mr. Cromer, plaintiff herein, notified this office that he was willing to accept settlement in the total amount of $10,000.00. Following his agreement to accept $10,000.00 in settlement a letter dated April 11, 1966, * * * was sent to Mr. Cromer together with a Release. Mr. Cromer was again written on May 10, 1966, about his failure to return the Release * * * Mr. Cromer was again written on August 31, 1966, explaining the fact that his weekly benefits had been stopped pursuant to the agreed settlement. * * *"

It appears that compensation payments were brought up to date as of about August 31, 1966, a date subsequent to the filing of the complaint, as we have stated.

It appears to us that the court considered only the statement in the claims manager's affidavit in concluding that the suit was premature. Plaintiff's affidavit, however, was before the court in which he stated that during April, 1966, a representative of defendant, a Mr. Hillon, visited plaintiff's home and offered him $10,000.00 in full settlement of his claim. Further, that he (plaintiff) would have two weeks time in which to make up his mind. The following is then stated in the affidavit.

"6. That I told Mr. Hillon that I would not consider settling for Ten Thousand Dollars ($10,000.00) unless I was released by my doctors. Mr. Hillon said that he had called my doctors and they had released me.

"7. That I subsequently [sic] determined that Dr. Coffey had not released me.

"8. That after Mr. Hillon's last visit to my home in April, 1966, my Workmen's Compensation payments of Thirty-Eight Dollars ($38.00) per week ceased.

"9. That I never heard from Mountain States Mutual Casualty Company again in person even though I called their office several times and requested that Mr. Welch or Mr. Hillon call me.

"10. That from April 11, 1966, through August 31, 1966, I received no compensation payments from Mountain States Mutual Casualty Company."

Plaintiff's wife, by her affidavit, corroborated the statements made by plaintiff in his affidavit. Considering all of the affidavits it seems clear that an issue of fact existed as to whether a settlement agreement was ever effected between the parties. As a result there was disagreement as to whether defendant had a duty to pay semi-monthly installments of compensation at the time the suit was filed. The affidavits likewise disclose an issue of fact as to whether plaintiff misled defendant into believing that the claim was settled resulting, of course, in a disagreement as to whether plaintiff was estopped from suing. In view of the presence of material issues of fact the entry of summary judgment was improper. Reed v. Fish Engineering Corporation, 74 N.M. 45, 390 P.2d 283 (1964); Villanueva v. Nowlin, 77 N.M. 174, 420 P.2d 764 (1966); Ute Park Summer Homes Assoc. v. Maxwell Land Grant Co., 77 N.M. 730, 427 P.2d 249 (1967); Great Western Constr. Co. v. Ribble, 77 N.M. 725, 427 P.2d 246 (1967).

Defendant has suggested that the findings of fact made by the trial court upon which the case was dismissed are binding for the reason that plaintiff neither requested findings nor did he attack those made by the court. In support defendant

cites Michael v. Bauman, 76 N.M. 225, 413 P.2d 888 (1966); Mirabal v. Robert E. McKee and Mountain States Mutual Casualty Co., 74 N.M. 455, 394 P.2d 851 (1964); and Brown v. Arapahoe Drilling Co. and Aetna Casualty and Surety Co., 70 N.M. 99, 370 P.2d 816 (1962). These cases, however, do not involve summary judgment. A summary judgment presupposes that there are no triable issues of fact. Consequently, findings of fact are not required. Federal Building Service v. Mountain States Tel. & Tel. Co., 76 N.M. 524, 417 P.2d 24 (1966), Lindsey v. Leavy, 149 F.2d 899 (9th Cir. 1945); Filson v. Fountain, 84 U.S.App.D.C. 46, 171 F.2d 999 (1948), reversed on other grounds, Fountain v. Filson, 336 U.S. 681, 69 S.Ct. 754, 93 L.Ed. 971.

As we have indicated three issues are presented relating to the artificial arm which the trial court required defendant to furnish. We will first consider defendant's cross appeal from the order requiring it to furnish the arm and awarding attorney's fees. A determination of this issue involves an interpretation of Section 3 of Chapter 269, Laws of 1963. This statute was effective at the time of the accident and consequently applicable to this case. The section reads:

"Section 3. Section 59–10–19.1 New Mexico Statutes Annotated, 1953 Compilation (being Laws 1959, Chapter 67, Section 27) is amended to read:

" '59–10–19.1 MEDICAL AND RELATED BENEFITS—ARTIFICAL (sic) MEMBERS.—

"A. After injury, and continuing as long as medical or surgical attention is reasonably necessary, not to exceed a period of five years from the date of the workman's accidental injury, the employer shall furnish all reasonable surgical, medical, osteopathic, chiropractic, dental, optometry and hospital services and medicine, not to exceed the sum of three thousand dollars ($3,000), unless the workman refuses to allow them to be so furnished. If the hospital, medical and surgical attention is necessary, in excess of the above sum, and the employer refuses to furnish such attention, the workman may make application to the district court for an order requiring the employer to furnish such additional hospital, medical and surgical services as may be found by the court to be reasonably necessary to fully and completely care for the workman. The application shall be informal in character and filed as claims under the Workman's Compensation Act are filed.

"B. Upon the filing of the application, the district court shall set the application for hearing not more than ten days from the date the same was filed. Notice of hearing shall be issued by the clerk of the court and served upon the employer in writing by registered or certified mail not less than three days before the date set for the hearing. Upon the hearing the court shall inquire into the necessity of additional services and reasonableness of the cost thereof and shall order additional services to be paid by the employer as the equity of the hearing demands, it being the intention hereof that the workman shall receive all such hospital, medical and surgical treatment, and services, as may appear to the court to be reasonably necessary, not to exceed a total medical expenditure of fifteen thousand dollars ($15,000) during the five year period above specified. The court, in addition to allowing additional services, if they are allowed, may allow to the workman's attorney a reasonable attorney's fee for services rendered to the workman in connection with the application, to be paid by the employer. * * *

"E. In all cases where the injury is such as to permit the use of artificial members, including teeth and eyes, the employer shall furnish the artificial members.' "

It appears to be admitted that defendant did expend all but $10.59 of the $15,000.00 limitation for medical expenditures specified in subsection B before it was called

upon to provide the artificial arm. For the purpose of decision we will consider that the entire $15,000.00 had been expended before demand was made upon defendant to provide the arm.

Was it intended by the legislature that the cost of furnishing an artificial member as required by subsection E is to be included in the $15,000.00 limitation specified in subsection B? The defendant argues and submits authority to the effect that an artificial member is a medical and related benefit and as such is includable within the $15,000.00 limitation. It further says that a reasonable interpretation of the statute requires that such cost be included therein. While we might agree that an artificial member is a medical or related benefit it does not necessarily follow, in our opinion, that the cost of furnishing the member is includable as a part of the maximum amount specified by subsection B.

■ It is fundamental that a statute should be so construed that no word, clause, sentence provision or part thereof shall be rendered surplusage or superfluous. State ex rel. Clinton Realty Co. v. Scarborough, 78 N.M. 132, 429 P.2d 330 (1967); Martinez v. Research Park, Inc., 75 N.M. 672, 410 P.2d 200 (1966); Holt v. Howard, 206 Ark. 337, 175 S.W. 2d 384 (1943); Powers v. Isley, 66 Ariz. 94, 183 P.2d 880 (1947); Sutherland, Statutory Construction, 3rd Ed., § 4705; Beal, Cardinal Rules of Legal Interpretation, 2nd Ed., p. 272.

■ A further established rule is that the legislature is presumed to have used no surplus words and each word should have attributed to it some meaning not within the plain signification of other language found in the act. Kendrick v. Gackle Drilling Co., 71 N.M. 113, 376 P.2d 176 (1962); State ex rel. Clinton Realty Co. v. Scarborough, supra.

■ It is likewise well settled that a general provision is controlled by one that is special the latter being treated as an exception to the former. A specific provision relating to a particular subject will govern in respect to that subject as against a general provision although the latter standing alone would be broad enough to include the subject to which the more particular provision relates. State ex rel. Clinton Realty Co. v. Scarborough, supra; Reed v. Styron, 69 N.M. 262, 365 P.2d 912 (1961); Sutherland Statutory Construction, 3rd Ed., § 4703; Montague v. Electronic Corp. of America, (D.C.N.Y.) 76 F.Supp. 933 (1948); Beck v. Groe, 245 Minn. 28, 70 N.W.2d 886, 52 A.L.R.2d 875 (1955); Institute of Living v. Town & City of Hartford, 133 Conn. 258, 50 A.2d 822 (1946).

■ By application of this rule it would appear proper to treat subsection E as an exception to subsections A and B and so treating subsection E the cost of obtaining an artificial member would not be includable in the limitation.

We further note that subsections A and B involve only the employer's obligation to furnish medical, surgical and hospital services. The language "the employer shall furnish all reasonable surgical, medical * * * and hospital services and medicine" is not, in our opinion, broad enough in scope to include the obligation to furnish an artificial member. The term "services" is defined as any result of useful labor which does not produce a tangible commodity. Webster's Second New Internaitonal Dictionary Unabridged (1955).

■ As we construe the statute involved here the cost of furnishing artificial members by the employer is not an item includable within the limitation expressed in subsection B. This interpretation accords with the view often expressed by the New Mexico Supreme Court, namely, that the workmen's compensation statute is to be liberally construed in favor of the employee. Kosmicki v. Aspen Drilling Co., 76 N.M. 234, 414 P.2d 214 (1966); Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156 (1965); Employers Mutual Liability Ins. Co. of Wis. v. Jarde, 73 N.M. 371, 388 P.2d 382

(1963); Langley v. Navajo Freight Lines, Inc., 70 N.M. 34, 369 P.2d 774 (1962).

■ The award of attorney's fees to plaintiff on account of the presentation of the claim for the artificial member in our opinion is not sustainable for the reason that there does not appear to be a statutory basis for such award. The statutes which authorize assessment of attorney's fees against the employer, namely, § 59–10–19.1, subd. B., supra, and 59–10–23 N.M.S.A.1953, are not applicable to this situation. We have held that the furnishing of the artificial member does not fall within the scope of § 59–10–19.1 B, consequently an award of attorney's fees under this section would be improper. § 59–10–23 authorizes an award of attorney's fees under circumstances where there has been a recovery of compensation. Such recovery appears to be a prerequisite to the allowance of attorney's fees. See Rayburn v. Boys Super Market, Inc., 74 N.M. 712, 397 P.2d 953 (1964).

■ In our opinion the trial court correctly denied plaintiff's claim for training in the use of the artificial arm. Such training, we think, is properly to be considered a medical service and consequently would fall within § 59–10–19.1, subds. A and B, supra. The total amount chargeable against the employer for such services became exhausted before the claim for training in the use of the limb was presented.

We next consider whether the denial by the trial court of plaintiff's motion seeking additional benefits on account of claimed serious, permanent disfigurement was under the circumstances error.

The statute, § 59–10–18.5 N.M.S.A.1953, provides:

"For serious permanent disfigurement about the face or head, the court may allow, in addition to other compensation benefits if any are allowable under the Workmen's Compensation Act [59–10–1 to 59–10–37], an additional sum for compensation on account of the serious permanent disfigurement as it deems just, but not to exceed a maximum of seven hundred and fifty dollars ($750)."

The denial of this claim appears not to have been based exclusively upon the pleadings. We will accordingly treat the ruling as a summary judgment. Richardson Ford Sales v. Cummins, supra; Gonzales v. Gackle Drilling Company, supra.

■ Plaintiff's motion and the affidavit of the attending physician asserting the presence of a permanent disfigurement about the head presented a material issue of fact. In our opinion plaintiff should have been accorded a hearing upon the merits of his claim and it was error to summarily deny the same.

Plaintiff finally contends that the trial court erred in denying his motion for summary judgment. The disputed facts to which we have referred would preclude the entry of summary judgment in plaintiff's behalf. We find no error in the trial court's denial of plaintiff's motion for summary judgment.

Plaintiff's claim for attorney's fees for this appeal is denied on authority of Rayburn v. Boys Super Market, Inc., supra.

The order denying plaintiff's motion for summary judgment and the orders requiring defendant to furnish plaintiff an artificial arm but denying training in the use thereof are affirmed.

That portion of the order awarding attorney's fees on the motion to require defendant to furnish an artificial arm is reversed. The remaining orders appealed from are reversed with instructions to reinstate the cause on the docket and proceed thereafter in a manner not inconsistent herewith.

It is so ordered.

OMAN and WOOD, JJ., concur.