477 P.2d 316

**Charles A. HEDGECOCK, Plaintiff-Appellant,**

v.

**R. H. VANDIVER, dba White's Mattress Company, and United States Fidelity and Guaranty Company, Defendants-Appellees.**

**No. 476.**

Court of Appeals of New Mexico.

Oct. 23, 1970.

James M. H. Cullender, Roswell, for appellant.

B. R. Baldock, Sanders, Bruin & Baldock, Roswell, for appellee.

## OPINION

SPIESS, Chief Judge.

Claimant appeals from a judgment awarding compensation and other benefits provided by the Workmen's Compensation Act.

It is undisputed that claimant suffered an accidental injury arising out of and in the course of his employment by defendant, Vandiver. The injury involved claimant's left hand, wrist, elbow, arm, shoulder, and muscles of his left side.

The claim was presented, tried, and compensation awarded upon the theory of the loss of use of a scheduled member. [§ 59–10–18.4, N.M.S.A.1953 (Pt. 1, Repl. Vol. 9, Supp.1969)].

The appeal questions: (1) the amount awarded for medical services; (2) the trial court's finding relating to duration of the healing period, and (3) the award of attorneys' fees. We affirm the judgment.

Claimant was treated for his injuries by a doctor of his own choosing; was hospitalized for a period of time and likewise received other medical services. The cost of these services except a portion thereof, not material to this appeal, was paid under the Medicare provisions of the Social Securities Act (42 U.S.C.A. § 1395d). The award did not include the amount paid by Medicare.

Claimant contends that the judgment should have included this amount and argues that the reduction of his claim by the amount

paid through Medicare is not authorized by the Workmen's Compensation Act. Defendants take the position that no liability for the payment of medical services accrued against them because they were not permitted to furnish such services for claimant.

Defendants' position has support in the trial court's finding: "The Defendants were not permitted to furnish hospital and medical services to the Plaintiff [claimant] under the Workmen's Compensation Act of New Mexico, the Plaintiff [claimant] electing to provide these services for himself, and the cost thereof was paid by Medicare. * *"

The sufficiency of the evidence to support this finding is not directly attacked and it is, therefore, binding upon this court. McAfoos v. Borden Implement Co., 75 N.M. 50, 400 P.2d 470 (1965).

Upon this finding the trial court declined, and we think correctly so, to include medical expenses which had been paid by Medicare as a part of the award in claimant's favor. The material portion of the applicable statute, § 59–10–19.1, subd. A, N.M.S.A.1953 (Pt. 1, Repl.Vol. 9, Supp. 1969) states:

"After injury, and continuing as long as medical or surgical attention is reasonably necessary, not to exceed a period of five [5] years from the date of the workman's accidental injury, the employer shall furnish all reasonable surgical, medical, osteopathic, chiropractic, dental, optometry and hospital services and medicine, not to exceed the sum of five thousand dollars ($5,000), unless the workman refuses to allow them to be so furnished."

This statute clearly imposes an obligation on the part of the employer to furnish all reasonable medical services to the injured employee unless, as stated in the Act, "the workman refuses to allow them to be so furnished." Claimant, in not permitting defendants to furnish such services, waived his right to require that the cost of such services be included in the award. See Valdez v. McKee, 76 N.M. 340, 414 P.2d 852 (1966); and Gregory v. Eastern New Mexico University, 81 N.M. 236, 465 P.2d 515 (Ct.App.1970).

Claimant next contends that the court erred in limiting claimant's recovery benefits during the "healing time" to 37 weeks, contrary to the evidence. The court found:

"* * * the Plaintiff [claimant] was totally disabled for a period from November 20th, 1968, to approximately June 27, 1969, a period of 37 weeks, said period being the healing period for Plaintiff's [claimant's] injuries."

Claimant argues that there is no support in the evidence for this finding. He contends that the undisputed evidence discloses that the healing period extended beyond 37 weeks. We disagree.

The applicable statute, § 59–10–18.4, subd. D, N.M.S.A.1953 (Pt. 1, Repl.Vol. 9, Supp. 1969) in part, provides:

"In determining the workmen's compensation benefits payable to a workman under this subsection for a disability resulting from a scheduled injury, the workman is entitled to be compensated as provided in subsection A of this section during the healing period, if he is in fact totally disabled during that time."

The testimony did show the nature of claimant's injuries and at the time of trial the doctor had not released him. The doctor testified:

"A * * * I would say this to the Court, as a statement, this man's arm isn't totally well at the present time, and he still has difficulties in his wrist and he will probably require more care."

The doctor also testified:

"Q And, as of right now, what would— suppose he doesn't improve any more from what he is now, what do you think about the effects of it?

A I think he has an arm, his only remaining arm, that it is 50% disabled, and this, of course, would impair his earning a living, undoubtedly."

**142**

■ In accordance with § 59–10–18.4, subd. D, supra, in order to establish that the healing period extended beyond 37 weeks, claimant was required to show that he was totally disabled during such extended time. Claimant failed to meet this burden.

■ By his final point, claimant challenges the allowance of attorneys' fees. He contends that the award of $150.00 as attorneys' fees is inadequate. The total award to claimant aggregated $644.97, exclusive of the attorneys' fees. It is well established that the amount of the award of attorneys' fees in a workmen's compensation proceedings is discretionary with the trial court and will not be disturbed except for abuse of discretion. Ortega v. N. M. State Highway Department, 77 N.M. 185, 420 P.2d 771 (1966). In Garcia v. J. C. Penney Co., Inc., 52 N.M. 410, 200 P.2d 372 (1948), the court, in considering an attack upon an award of attorneys' fees, said:

> "There are many considerations entering into the fixing of attorney fees. Usually, the ability, standing, skill, the amount in controversy, its importance, and the benefits derived, go to the matter of determining fees. Elsea v. Broome Furniture Co., 47 N.M. 356, 143 P.2d 572; Anderson v. Contract Trucking Co., 48 N.M. 158, 146 P.2d 873. See also In re Dehner's Estate, 230 Iowa 490, 298 N.W. 656, 143 A.L.R. 672 where cases relating to allowance of fees are assembled. The court has the superior knowledge of the matter at hand, and its award, though not supported by direct evidence, will not be disturbed upon review unless it plainly appears from the record that there had been an abuse of discretion. 5 C.J.S., Appeal and Error, § 1584; Horvath v. Vasvary, 246 Mich. 231, 224 N.W. 365; Anderson v. Contract Trucking Co., supra."

We have considered the record and argument presented by claimant; we are not, however, convinced that the trial court's determination was outside the bounds of reason, under the circumstances, so as to amount to an abuse of discretion. See

Baker v. Shufflebarger & Associates, Inc., 78 N.M. 642, 436 P.2d 502 (1968).

The judgment of the trial court should be affirmed.

It is so ordered.

OMAN and WOOD, JJ., concur.