494 P.2d 980

**Barney LASATER, Claimant-Appellee,**

**v.**

**HOME OIL COMPANY, Inc., Employer and Pan-American Fire & Casualty Insurance Company, Insurer, Defendants-Appellants.**

**No. 739.**

Court of Appeals of New Mexico.

Feb. 25, 1972.

Thomas B. Catron III, Catron, Catron & Donnelly, Santa Fe, for defendants-appellants.

James E. Thomson, Zinn & Donnell, Santa Fe, for claimant-appellee.

PER CURIAM:

Upon consideration of appellants' motion for rehearing, the original opinion heretofore filed is withdrawn and the following substituted therefor

## OPINION

COWAN, Judge.

The defendants appeal in this workmen's compensation case from a judgment granting the plaintiff compensation benefits, medical expenses and attorneys' fees.

The issues are the status of the plaintiff as independent contractor or employee and the limitation provisions of the Workmen's Compensation Act. We affirm that part of the judgment granting medical expenses. We reverse that part of the judgment granting compensation benefits and attorneys' fees.

On December 18, 1967, plaintiff, Barney Lasater, aged 47 and residing near Santa Fe, New Mexico, was called by Henry Houston, superintendent for defendant Home Oil Company, Inc., to go to one of defendant Home Oil's filling stations in the south part of Santa Fe to clean out a sewer line. While climbing a ladder to check a vent pipe, he fell and was injured.

The plaintiff had been doing odd jobs and performing part-time labor for defendant Home Oil since 1961. For several years he had had an agreement with Mr. Warren, president of Home Oil, that "* * * any of his men call me to go do the work, go do it and I would be paid for it." He was paid at the rate of $2.00 per hour and, if he needed to rent tools or other equipment for a particular job, he would pay the rental and be reimbursed by Home Oil for "any expenses I incur by working." At times Home Oil would deduct social security, withholding taxes and other deductions from his wages, which he would receive after billing for his hours of labor and expenses.

During the several months prior to the accident the plaintiff had, for Home Oil, spent three days in Taos on a gasoline tank installation job, done some mechanical work on trucks, hauled gasoline, worked at different stations in town, installed tanks and pumps in a new station at Rivera, set a pump at a station on the Las Vegas highway, torn down an advertising sign at a gasoline station, and prepared a transport tank for moving from storage.

After the accident Mr. Warren wrote the plaintiff two letters. The first, dated December 28, 1967, mentioned the accident,

contained the information that he had turned in the plaintiff's claim to Home Oil's insurance company and asked the claimant for his hospital and doctor bills, as he was "trying to get something" for the plaintiff. The second letter, postmarked February 1, 1968, discussed the Taos job and contained this language:

"* * * I tur n [sic] in insurance on you for you had worked for me so much the [sic] have questioned me a lot on it they say there shou,d [sic] be some way getting insurance for you were working at my place * * *."

After the plaintiff entered the hospital on the day of the accident, Mr. Houston called on him and discussed the matter of the plaintiff's expenses and claims. Mr. Houston told him that "the bills would be taken care of." Compare Feldhut v. Latham, 60 N.M. 87, 287 P.2d 615 (1955).

The trial court found that the plaintiff was an employee of defendant Home Oil Company, Inc. at the time of the accident. The defendants, by their first point, question the sufficiency of the evidence to support this finding, asserting that the evidence shows the plaintiff to have been an independent contractor.

A case of this type must stand upon its own particular facts and circumstances. Although there are several New Mexico decisions on the employee v. independent contractor status, none of these decisions are sufficiently similar on the facts to be specifically controlling in this case. In Mendoza v. Gallup Southwestern Coal Co., 41 N.M. 161, 66 P.2d 426 (1937), the Supreme Court stated:

"The words 'employer and employee' as used in the New Mexico Workman's Compensation Act are used in their natural sense and intended to describe the conventional relation between an employer who pays wages to an employee for his labor * * *."

■ The payment of $2.00 an hour for labor, together with the other facts, raised a factual issue as to whether plaintiff's status was that of an employee. See Mittag v. Gulf Refining Company, 64 N.M. 38, 323 P.2d 292 (1958). Viewing the evidence in the light most favorable to support the finding of employment, which we are required to do, the evidence substantially supports the finding.

By their second point, defendants argue that the plaintiff's claim was barred because it was not timely filed. The court found that the claim was not filed within one year and 31 days after the accident. The plaintiff seeks to excuse the late filing on the ground that the failure to file within the prescribed period was caused by conduct on the part of the employer which reasonably led him to believe that compensation would be paid. He contends that the Warren letter of February 1, 1968, was such conduct.

Section 59–10–13.6(A), N.M.S.A.1953 (Repl.Vol. 9, pt. 1), in effect at the time of the accident, provided:

"* * * [I]t is the duty of the workman, insisting on the payment of compensation, to file a claim therefor as provided in the Workmen's Compensation Act, not later than one (1) year after the failure or refusal of the employer or insurer to pay compensation."

Section 59–10–14, N.M.S.A.1953 (Repl. Vol. 9, pt. 1), states:

"The failure of any person entitled to compensation * * * to * * * file any claim, or bring suit within the time fixed by the Workmen's Compensation Act shall not deprive such person of the right to compensation where the failure was caused in whole or in part by the conduct of the employer or insurer which reasonably led the person entitled to compensation to believe the compensation would be paid."

■ This provision for extending the time within which suit must be filed was first enacted by the legislature in 1937, using the words "which *would reasonably lead* the person." By amendment in 1959 the quoted words were substituted by the words "which *reasonably led* the person". [Emphasis added] Given a rational con-

**570**

struction the statute requires not only that a claimant *be led* to believe that compensation would be paid but this belief must cause him to delay the filing beyond the statutory period. Some mental reaction must be evidenced. See dissenting opinion in Reed v. Fish Engineering Corporation, 76 N.M. 760, 418 P.2d 537 (1966).

The trial court found:

"The failure to file claimant-employee's complaint within one year and 31 days from the disability was caused in whole or in part by the conduct of the employer of February 1, 1968 which reasonably led the claimant-employee to believe that compensation would be paid."

■ There being no evidence in the record that the plaintiff was in any way led to believe that compensation benefits would be paid, this finding was in error. The letter of February 1, 1968, relied on by plaintiff, makes no mention of compensation benefits, as distinguished from medical or hospital expenses, nor does the testimony of the plaintiff himself indicate that he withheld filing his claim, in whole or in part, because of conduct on the part of his employer.

■ However, the late filing has no affect upon plaintiff's medical expenses, found by the court to be in the sum of $1,029.77, since the limitation provision of § 59–10–13.6(A), supra, does not apply to them. Nasci v. Frank Paxton Lumber Co., 69 N.M. 412, 367 P.2d 913 (1961). The trial court's awarding the plaintiff his medical expenses was not error.

■ The cause is remanded with instructions to enter judgment for the plaintiff in accordance herewith. Recovery of compensation being a prerequisite to the allowance of attorneys' fees, the plaintiff is not entitled to an award for attorneys' fees here or in the trial court. Cromer v. J. W. Jones Construction Company, 79 N. M. 179, 441 P.2d 219 (Ct.App.1968).

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.