500 P.2d 194

Fred WUENSCHEL, Plaintiff-Appellee,

v.

NEW MEXICO BROADCASTING CORPO-
RATION, d/b/a KGGM, a New Mexico cor-
poration, and Mountain States Mutual Cas-
ualty Company, a New Mexico corporation,
Defendants-Appellants.

No. 881.

Court of Appeals of New Mexico.

July 21, 1972.

Dennis J. Falk, Joseph E. Roehl, Allen
C. Dewey, Modrall, Sperling, Roehl, Har-
ris & Sisk, Albuquerque, for defendants-
appellants.

Charles W. Rawson, Richard B. Addis,
Addis & Rawson, Albuquerque, for plain-
tiff-appellee.

## OPINION

SUTIN, Judge.

Plaintiff sued defendants under Workmen's Compensation Act for partial and permanent disability. The trial court found plaintiff did not suffer either total or partial disability, but incurred medical expenses for treatment by two doctors in the amount of $259.48. Judgment was entered against defendants in the amount of $259.48, together with $1,000.00 for plaintiff's attorneys' fees. Defendants appeal.

We reverse.

Defendants claim error on two grounds, (1) the trial court erred in awarding judgment to plaintiff for one doctor bill of $128.44; (2) the trial court erred in awarding attorneys' fees in the sum of $1,000.00.

Plaintiff claims this court is without jurisdiction.

### (1) *This Court has Jurisdiction.*

■ Plaintiff claims defendants' notice of appeal was not timely filed.

On August 18, 1971, a final judgment was entered for plaintiff in which the trial court recited that it had made its findings of fact and conclusions of law which in fact had not been made.

On the morning of September 17, 1971, the 30th day following the entry of the judgment, the trial court entered an order of its own vacating the judgment pursuant to § 21–9–1, N.M.S.A.1953 (Repl.Vol. 4). This order was filed for the purpose of permitting the court to enter its findings and conclusions as requested by the parties, it being the intention of the court to enter such findings and conclusions concurrently with or prior to a new judgment to be entered thereafter.

On the afternoon of September 17, 1971, the trial court entered its findings and conclusions.

On October 19, 1971, defendants filed notice of appeal from the final judgment entered on September 21, 1971.

Section 21–9–1, supra, provides in part:

Final judgments * * * shall remain under the control of such courts for a period of thirty [30] days after the entry thereof, and for such further time as may be necessary to enable the court to pass upon and dispose of any motion which may have been filed within such period, directed against such judgment; * * *

Plaintiff contends that the reason for this law is to confer upon the trial court the authority to hear post judgment motions and to correct mistakes, neither of which includes the failure to file findings and conclusions; that this is not a good reason within the rule stated in Laffoon v. Galles Motor Company, 80 N.M. 1, 450 P.2d 439 (Ct.App.1969).

We point out that the above statute is divided into two separate parts, (1) a final judgment *remains under the control of a district court for a period of 30 days after the entry thereof*; (2) a final judgment shall remain under the control of a district court *for such further time to dispose of any motion* filed within the 30 day period, directed against the judgment.

Under part (1), the district court had control of the judgment for 30 days in the absence of a motion being filed. It had the power within its broad discretion to vacate the judgment if a "good reason" existed. Laffoon v. Galles Motor Company, supra.

■■ The trial court had "good reason" to vacate the judgment and did not abuse its discretion. No error occurred. When the original judgment was vacated, the status of the case was as though no judgment had been entered. Benally v. Pigman, 78 N.M. 189, 429 P.2d 648 (1967); Arias v. Springer, 42 N.M. 350, 78 P.2d 153 (1938).

On September 21, 1971, a new final judgment was entered similar to the prior judgment.

### (2) *The Medical Payment of $128.44 Should not have been Awarded Plaintiff.*

The injury occurred in 1969. The law then in effect was Laws 1965, ch. 252, § 4

(A) and (D). They provide in part as follows:

A. *After injury*, and continuing as long as medical or surgical attention is reasonably necessary, not to exceed a period of five years from the date of the workman's accidental injury, *the employer shall furnish all reasonable * * * medical, * * * services * * **, not to exceed the sum of five thousand dollars ($5,000), *unless the workman refuses to allow them to be so furnished.* * * *

D. In case the employer has made provisions for, and has at the service of the workman *at the time of the accident*, adequate * * * medical facilities and attention *and offers to furnish these services during the period necessary, then the employer shall be under no obligation to furnish additional * * * medical * * services * * * than those so provided;* * * *. [Emphasis added].

The plaintiff requested and the trial court found:

*That the plaintiff sought the services of two physicians for treatment* of the above injury and has incurred the following medical expenses for treatment therefor:

Dr. Freedman  $131.04
Dr. Altman  128.44
$259.48  [Emphasis added].

The trial court concluded that plaintiff was entitled to reasonable medical bills.

Defendants, however, requested a finding that plaintiff's attorneys recommended the services of Dr. Altman, an orthopedic specialist, but defendants refused to be liable for expenses of this doctor and offered the services of Albuquerque Orthopedic Associates, consisting of five orthopedic specialists; that plaintiff declined the services of such doctors and was thereafter examined by Dr. Altman on four occasions. This requested finding was refused even though the uncontradicted evidence supported this finding.

■ Under subsection (A), supra, the employer was obligated to furnish reasonable medical services to plaintiff unless plaintiff refused to allow them to be furnished. The undisputed evidence is that plaintiff, through his attorneys, refused the medical services offered by defendants. By this refusal, plaintiff waived the right to require that the cost of Dr. Altman's services be included in the award. Hedgecock v. Vandiver, 82 N.M. 140, 477 P.2d 316 (Ct.App. 1970).

Under subsection (D), the employer is not liable for medical services if the employer offers to furnish these services during the time necessary. Plaintiff claims that defendants may not escape liability for the Altman bill under subsection (D) because defendants had not made provision for medical attention *at the time of the accident*. For cases involving subsection (D), see Valdez v. McKee, 76 N.M. 340, 414 P.2d 852 (1966); Gregory v. Eastern New Mexico University, 81 N.M. 236, 465 P.2d 515 (Ct.App.1970). Even if subsection (D) were inapplicable, defendants are not liable for Dr. Altman's bill under subsection (A).

Defendants did not contest Dr. Freedman's medical expense of $131.04.

### (3) *Attorneys' Fees Should not have been Awarded.*

The trial court awarded attorneys' fees in the sum of $1,000.00 as being reasonable and incident to the prosecution of the complaint.

■ Section 59–10–23(D), N.M.S.A.1953 (Repl.Vol. 9, pt. 1) provides for payment of attorney fees if workmen's compensation is refused, "and the claimant shall thereafter collect compensation through court proceedings." Plaintiff was awarded the cost of Dr. Freedman's bill, but the collection of medical expenses is not the collection of compensation. Nasci v. Frank Paxton Lumber Co., 69 N.M. 412, 367 P.2d 913 (1961); Cromer v. J. W. Jones Construction Company, 79 N.M. 179, 441 P.2d 219 (Ct.App.1968). The plaintiff did not collect compensation, and he is not entitled to attorneys' fees, either in the trial court or on this appeal. Lasater v. Home Oil

**112**

Company, 83 N.M. 567, 494 P.2d 980 (Ct. App.1972). The trial court erred.

The judgment is reversed as to payment of Dr. Altman's bill and attorneys' fees. This cause is remanded with instructions to enter a new judgment in conformity with this opinion.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.