536 P.2d 728

**Graham R. SCHILLER, Plaintiff-Appellant,**

**v.**

**SOUTHWEST AIR RANGERS, INC., Employer, and Royal-Globe Insurance Company, Insurer, Defendants-Appellees,**

**and**

**Health and Social Services Department, Intervenor-Appellee.**

**No. 1575.**

Court of Appeals of New Mexico.

Jan. 15, 1975.

Horton & Werner, Quincy D. Adams, Adams & Foley, Albuquerque, for plaintiff-appellant.

Jerrald J. Roehl, J. Duke Thornton, Shaffer, Butt, Jones & Thornton, Albuquerque, for defendants-appellees.

Toney Anaya, Atty. Gen., Stephen Sprague, Agency Asst. Atty. Gen., Santa Fe, for intervenor-appellee.

MEMORANDUM

HENDLEY, Judge.

Plaintiff was only awarded medical expenses as the result of a work related injury. He appeals claiming: (1) that there was no substantial evidence upon which the court could find that he should have known that he had a compensable injury before the statute of limitations had run, (2) that there was no substantial evidence upon which the court could find that he did not give the requisite notice, and (3) that attorney fees should have been awarded.

We affirm.

■ 1. The trial court found that plaintiff should have known he had a compensable injury immediately after the injury. This finding is supported by substantial evidence. Romero v. American Furniture Company, 86 N.M. 661, 526 P.2d 803 (Ct.App.1974).

2. Having decided plaintiff's first point we need not reach his second point.

■ 3. Attorney fees are only awarded for an award of compensation. Plaintiff was not entitled to attorney fees. Wuenschel v. New Mexico Broadcasting Corp., 84 N.M. 109, 500 P.2d 194 (Ct.App. 1972); Lasater v. Home Oil Company, 83 N.M. 567, 494 P.2d 980 (Ct.App.1972).

This case has been reviewed pursuant to the Supreme Court Order of October 3, 1974. Having considered the record and briefs, the judgment in favor of defendants is affirmed.

It is so ordered.

WOOD, C. J., and SUTIN, J., concur.