535 P.2d 1327

**Graham R. SCHILLER, Petitioner,**

v.

**SOUTHWEST AIR RANGERS, INC., Employer, and Royal Globe Insurance Company, Insurer, Respondents, and Health and Social Services Department, Respondent.**

**No. 10324.**

Supreme Court of New Mexico.

April 4, 1975.

Horton & Werner, Quincy D. Adams, Adams & Foley, Albuquerque, for petitioner.

Jerrald J. Roehl, J. Duke Thornton, Shaffer, Butt, Jones & Thornton, Albuquerque, for respondents Southwest Air Rangers & Royal Globe Ins.

Toney Anaya, Atty. Gen., Stephen Spraque, Agency Asst. Atty. Gen., Santa Fe, for respondent Health and Social Services Dept.

## OPINION

STEPHENSON, Justice.

The sole question which concerns us here is whether, under the New Mexico Workmen's Compensation Act, the trial court, in a suit by an injured workman, can award an attorney's fee to the claimant where only medical and hospital expenses are recovered. In Schiller v. Southwest Air Rangers, Inc., Ct.App., 87 N.M. 476, 535 P.2d 1327 (decided January 15, 1975), the Court of Appeals in a memorandum opinion answered that query in the negative. It held, inter alia, that in a workman's compensation case where only medical and hospital expenses are recovered, attorney fees cannot be awarded under § 59–10–23(D), N.M.S.A.1953 because medical expenses are not "compensation", citing Wuenschel v. New Mexico Broadcasting Corp., 84 N.M. 109, 500 P.2d 194 (Ct.App.1972) and Lasater v. Home Oil Company, 83 N.M. 567, 494 P.2d 980 (Ct.App.1972).

We granted certiorari and reverse the Court of Appeals.

The first paragraph of § 59–10–23 states:

"It shall be unlawful for any attorney to receive or agree to receive any fees or payment directly or indirectly in connection with any claim for compensation under the Workmen's Compensation Act * * * except as hereinafter provided:".

Subdivision D. of that statute provides that where "compensation" has been refused and the claimant thereafter collects "compensation" through court proceedings in excess of the amount offered by the employer, then reasonable attorney fees shall be allowed by the trial court or by the Supreme Court on appeal.

Wuenschel, supra, Lasater, supra, and Cromer v. J. W. Jones Construction Company, 79 N.M. 179, 441 P.2d 219 (Ct.App. 1968) all support the Court of Appeals' holding. However, the rule in those cases is erroneously based on two decisions of this Court which do not support the Court of Appeals interpretation of § 59–10–23(D). See Rayburn v. Boys Super Market, Inc., 74 N.M. 712, 716, 397 P.2d 953, 955 (1964); Nasci v. Frank Paxton Lumber Co., 69 N.M. 412, 367 P.2d 913 (1961). If anything, they support the converse.

Nasci construed § 59–10–13, N.M.S.A. 1953, which requires a workman to file a claim within one year after the failure or refusal of the employer to pay "any installment of compensation" as not applying to medical expenses because medical expenses are not payable in installments, and are not, therefore, "installments of compensa-

tion." We said that this interpretation left "unanswered the question of whether [medical expenses] are 'compensation.'" 69 N.M. at 415, 367 P.2d at 915. Though the Nasci court avoided deciding whether medical payments are compensation, it stated at one point that:

"* * * [t]he compensation to which he is entitled may be nothing more than medical and surgical payments, but the right must have arisen out of an accidental injury in the course of employment." 69 N.M. at 416, 367 P.2d at 916.

The reference to medical and surgical expenses as compensation is unmistakable.

The Rayburn decision was based on § 59–10–23(D). The court held that attorney fees were not allowable under the statute because "the total amount of the employer's liability, including the medical and hospital expenses, was less than the $3,200.00 offered in settlement." 74 N.M. at 716, 397 P.2d at 955. Medical and surgical expenses were thus considered in determining whether the claimant collected "compensation" in excess of the amount offered in settlement.

 When we consider the long recognized principle that the workman's compensation act is to be liberally construed in favor of the employee (Kosmicki v. Aspen Drilling Company, 76 N.M. 234, 414 P.2d 214 (1966)), together with the implicit recognition in Rayburn and Nasci that medical expenses are "compensation", we conclude that medical expenses are compensation for the purpose of allowing attorney fees under § 59–10–23(D). Wuenschel, supra, Lasater, supra, and Cromer, supra are overruled to that extent.

The Court of Appeals and the District Court of the Second Judicial District are reversed insofar as they held and determined that medical and hospital expenses are not "compensation" within the meaning of § 59–10–23(D). The case is remanded to the district court with directions to set aside the portion of its Amended Judgment denying attorney's fees, and to proceed in the manner prescribed by law to fix and allow attorney's fees for services in the trial court.

Attorney's fees of $750.00 are allowed for services on appeal.

It is so ordered.

McMANUS, C. J., and MONTOYA and MARTINEZ, JJ., concur.

OMAN, J., dissents.

OMAN, Justice (dissenting).

I am unable to agree with the majority that this court implicitly recognized in Rayburn v. Boys Super Market, Inc., 74 N.M. 712, 397 P.2d 953 (1964) and Nasci v. Frank Paxton Lumber Co., 69 N.M. 412, 367 P.2d 913 (1961), that "medical expenses" are "compensation" within the contemplation of these terms as used in our Workmen's Compensation Act, and, consequently, that "medical expenses" are included within the meaning of "compensation" as used in § 59–10–23(D), N.M.S.A. 1953 (2d Repl.Vol. 9, pt. 1 (1974). The question as to whether "compensation" included "medical expenses" was not presented or decided in either case.

It is true, as shown by the majority opinion, that at one point in the Nasci decision, language was used which equated "medical and surgical payments" with "compensation," but the court clearly recognized, and so stated, that "whether medical payments are compensation or not we need not decide." In the light of this express statement that the question need not be decided, I am unable to find an implicit recognition by the court that "medical expenses" are "compensation" simply because of the language quoted above by the majority.

In the Rayburn case, as I interpret the pertinent language, it was nothing more than an observation by the court that the "compensation" and the "medical and hospital expenses" to which plaintiff was entitled together totalled less than the amount offered, and, therefore, attorneys fees were

necessarily disallowed. The exact language of the court was:

"Since it is conceded that the period of disability could not have exceeded 19 weeks, the total amount of the employer's liability, including the medical and hospital expenses, was less than the $3,200.00 offered in settlement. * * *"

I agree with the majority that the Workmen's Compensation Act should be liberally construed in favor of the workman. Lucero v. C. R. Davis Contracting Co., 71 N.M. 11, 375 P.2d 327 (1962); Briggs v. Zia Company, 63 N.M. 148, 315 P.2d 217 (1957); Cromer v. J. W. Jones Const. Company, 79 N.M. 179, 441 P.2d 219 (Ct.App.1968). However, in Kosmicki v. Aspen Drilling Company, 76 N.M. 234, 414 P.2d 214 (1966), the case relied upon by the majority, the court had the following to say concerning the construction of our Workmen's Compensation Act:

" * * *. In so concluding, we have not overlooked our long-recognized rule of liberal construction of the workmen's compensation law in favor of claimants. [citations omitted] However, to reverse the trial court here in the name of liberal construction would have the effect of making the definition of 'dependent' contained in § 59–10–12(j), supra, meaningless. The provisions of this section may not be disregarded in the name of liberal construction. * * *"

See also the following cases which hold that provisions of our Act may not be disregarded in the name of liberal construction: Graham v. Wheeler, 77. N.M. 455, 423 P.2d 980 (1967); Geeslin v. Goodno, Inc., 75 N.M. 174, 402 P.2d 156 (1965), appeal after remand, 77 N.M. 408, 423 P.2d 603 (1967); Luvaul v. A. Ray Barker Motor Company, 72 N.M. 447, 384 P.2d 885 (1963); Selgado v. New Mexico State Highway Department, 66 N.M. 369, 348 P. 2d 487 (1960).

Throughout the entire history of our Workmen's Compensation Act, "compensation" has never been held to include or embrace "medical, hospital or surgical" services or expenses, and the Legislature has demonstrated its awareness of the difference between the two, insofar as an award of attorneys fees is concerned, by making express provisions for such an award upon the recovery of each, when it deemed advisable.

At all times since its enactment in 1929 [Laws of 1929, ch. 113], the New Mexico Workmen's Compensation Act has provided for attorneys fees to an employee who collects "compensation" through court proceedings after "compensation" has been refused him. Ch. 113, § 22 [1929], Laws of N.M. 230–31; N.M.S.A.1929 (Comp.), § 156–122; N.M.S.A.1941, § 57–923; § 59–10–23, N.M.S.A.1953 (1954); § 59–10–23, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974). However, until 1947, attorneys fees were not allowed for the recovery by court proceedings of medical, surgical or hospital expenses. In 1947 the Legislature provided that upon the granting by the court of additional medical, surgical and hospital expenses:

"The court, in addition to allowing for such additional services, shall allow to the employee's attorney, a reasonable attorney's fee for services rendered to the employee in connection with such application, to be paid by the employer or his insurer." Ch. 87, § 1, [1947], Laws of N.M. 128–29.

Although there were some modifications in the language of this provision, it continued to be the law that attorneys fees could be awarded if additional medical, surgical or hospital expenses were awarded. See § 59–10–19, N.M.S.A.1953 (1954); § 59–10– 19.1(B), N.M.S.A.1953 (Supp.1959); Ch. 269, § 3, [1963] Laws of N.M. 580–81, which amended § 59–10–19.1, N.M.S.A. 1953; Vol. 1, ch. 252, § 4(B) [1965] Laws of N.M. 742, by which § 59–10–19.1, N.M. S.A.1953 was further amended; Ch. 261, § 5 [1971], Laws of N.M. 957–58, by which § 59–10–19.1, N.M.S.A.1953, was further amended and *the provision for allowance*

*of attorneys fees*, as well as other provisions, *was deleted*. The 1971 law was in effect when the accident out of which this cause arose occurred on August 23, 1971.

Section 59–10–19.1 was further amended by Ch. 240, § 9 [1973], Laws of N.M. 938–40, which appears as § 59–10–19.1, N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974). However, again no provision was made for an award of attorneys fees for services rendered in securing an award for medical, hospital or surgical services.

I agree with the majority that the decisions in Rayburn v. Boys Super Market, Inc., supra, and Nasci v. Frank Paxton Lumber Company, supra, do not completely and precisely support the conclusions reached by the Court of Appeals in Wuenschel v. New Mexico Broadcasting Corp., 84 N.M. 109, 500 P.2d 194 (Ct.App.1972) and Lasater v. Home Oil Company, 83 N. M. 567, 494 P.2d 980 (Ct.App.1972). However, I agree with the results reached by the Court of Appeals in those cases on the claims for awards of attorneys fees for medical expenses. I base this upon the entire legislative history of our Workmen's Compensation Act as above outlined; upon the fact that the Legislature eliminated from the Act in 1971 the provision for attorneys fees for hospital, medical and surgical expense awards; upon the fact that the Legislature has not enacted legislation changing the law on the question of attorneys fees as announced in Wuenschel v. New Mexico Broadcasting Corp., supra, and Lasater v. Home Oil Company, supra; and upon the language throughout the Act distinguishing between "compensation" and "medical, surgical and hospital" expenses, and providing for an award of attorneys fees only upon an award of "compensation."

To demonstrate my contention that the Legislature has clearly distinguished between "compensation" and "medical, surgical and hospital" expenses, I call attention in particular to the language of §§ 59–10–18.8(B) and 59–10–19.1(A), N.M.S.A.1953 (2d Repl.Vol. 9, pt. 1, 1974). These sections have been amended from time to time as to amounts and in other particulars not here relevant, but, insofar as here pertinent, they have long been a part of our Workmen's Compensation Act. These two sections of our statutes provide:

"*59–10–18.8. Limitations on compensation benefits. * * *.*

"B. compensation benefits for disability or death, or any combination of disabilities, or any combination of disabilities and death, shall not exceed thirty-two thousand five hundred dollars ($32,500) effective July 1, 1973 and not to exceed thirty-seven thousand five hundred dollars ($37,500) effective July 1, 1974 exclusive of increased compensation which may be awarded under sections 59–10–7 and 59–10–18.7 NMSA 1953, and exclusive of attorney fees awarded under section 59–10–23 NMSA 1953;"

"*59–10–19.1. Medical and related benefits—Artificial members.*—A. After injury, and continuing as long as medical or surgical attention is reasonably necessary, the employer shall furnish all reasonable surgical, physical rehabilitation services, medical, osteophathic, chiropractic, dental, optometry and hospital services and medicine, not to exceed the sum of forty thousand dollars ($40,000), unless the workman refuses to allow them to be so furnished."

I would quash the writ of certiorari heretofore directed to the Court of Appeals as having been improvidently granted. The majority disagree. Therefore, I dissent.